REVISED OPINION
PER CURIAM.
The Florida Bar Small Claims Rules Committee has petitioned this Court to consider proposed amendments to the Florida Small Claims Rules pursuant to Rule of Judicial Administration 2.130. We have jurisdiction. Art. V, § 2(a), Fla.Const.
The following is a brief explanation of the rule changes approved by this Court.
Rule 7.050(a)(2) has been amended to allow corporations to be represented by an officer of the corporation or an employee authorized by an officer of the corporation. Rule 7.050(b) has been amended to require the party’s phone number and the attorney’s Florida Bar number be included on any papers filed with the court. Rule 7.050(e) has been added to combine the pretrial conference and Order to show cause hearings in replevin actions.
Rule 7.060(7) has been added to establish venue in the county where payment is to be made, absent agreement of the parties.
Rule 7.090(b) has been amended to require that pretrial conferences be held within thirty-five days from the date of the filing of the action. The amendment also details issues which should be covered during the pretrial conference. Rule 7.090(c) has been amended to require a personal appearance at the pretrial conference when a defense motion is filed. Rule 7.090(e) has been added to allow waiver of counsel’s appearance at the pretrial conference where all parties are represented by counsel.
Rule 7.100(e) has been added to provide for third party claims so that all issues may be addressed and resolved.
Rule 7.140(f) has been amended to allow witness or party testimony to be taken over the telephone with or without an agreement to that effect, and authorizes attorney representation over the telephone.
Rule 7.210(a) has been amended to allow the court to stay levy as well as judgment or execution.
Rule 7.221 has been added to provide a procedure, through a hearing in aid of execution, for post-judgment discovery.
In addition, The Florida Bar Board of Governors has recommended that we amend rule 7.010 to increase the jurisdictional limit of Small Claims Courts to $5,000.00, and rule 7.090(b) to require the judge to personally preside over the pretrial conference. However, upon consideration of these proposed amendments, we decline to follow the board’s recommendation. Accordingly, the proposed amendments to rules 7.010 and 7.090(b) regarding jurisdictional limit and judicial presence at pretrial conferences will not be accepted.
Appended to this opinion are the amended and new Florida Small Claims Rules. Deletions are indicated by use of struck-through type. New language is indicated by underscoring. All rules and statutes in conflict with the following rules are hereby superseded as of the effective date of these rules. The committee notes are not adopted by the Court. These amendments *82 shall become effective January 1, 1989, at 12:01 a.m.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., dissents with an opinion.
APPENDIX
SMALL CLAIMS RULES
RULE 7.050 COMMENCEMENT OF ACTION; STATEMENT OF CLAIM
(a) Commencement
(1) [No change]
(2) Party Not Represented By Attorney To Sign. A party, individual, or corporation, who or which has no attorney handling such cause, shall sign his or its statement of claim or other paper and state his or its address and telephone number, including area code. Provided, however, if the trial court in its discretion shall determine that the plaintiff is engaged in the business of collecting claims, and holds such claim being sued upon, by purchase, assignment, or management arrangement in the operation of such business, the court may require such corporation to provide counsel in the prosecution of the cause. A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized by an officer of the corporation.
(b) Parties. The namesz and addresses, and telephone numbers, including area code, of all parties or their attorneys, if any, must be stated therein. Additionally, attorneys shall include their Florida Bar number on all papers filed with the court.
(cHd) [No change]
(e) Replevin. In those replevin cases to which these rules are applicable, the clerk of the county court shall set the hearing required by Section 78.065(2)(a), Florida Statutes (pre-judgment replevin order to show cause hearings) and Rule 7.050(d), Small Claims Rules (pretrial conferences) at the same time.
RULE 7.060. PROCESS AND VENUE
A summons entitled Notice to Appear stating the time and place of hearing shall be served on the defendant. The summons or notice to appear shall inform the defendant, in a separate paragraph containing bold type, of his right to venue. This paragraph on venue shall read:
Right to Venue. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant, have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:
1. Where the contract was entered into;
2. If suit is on an unsecured promissory note, where note is signed or where maker resides;
3. If the suit is to recover property or to foreclose a lien, where the property is located;
4. Where the event giving rise to suit occurred;
5. Where any one or more of the defendants sued reside;
6. Any location agreed to in a contract.
7. In an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.
If you, as a defendant, believe the plaintiff has not sued in one of these correct places, you may appear on your court date and orally request a transfer or you may file a written request for transfer, in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff or plaintiff’s attorney, if any. .
A copy of the statement of claim shall be served with said notice the summons/notice to appear.
RULE 7.090. APPEARANCE; DEFENSIVE PLEADINGS; TRIAL DATÉ
(a) [No change]
*83 (b) The summons notice to appear shall specify that the initial appearance shall be for a pretrial conference. The initial pretrial conference shall be set by the clerk not more than 35 days from the date of the filing of the action. At the pretrial confer-encej all matters specified in Rule 1.200(a) Florida Rules of Civil Procedure the following matters shall be considered:
(1) the simplification of issues;
(2) the necessity or desirability of amendments to the pleadings;
(3) the possibility of obtaining admissions of fact and of documents that avoid unnecessary proof;
(4) the limitations of the number of witnesses;
(5) the possibilities of settlement; and
(6) such other matters as the court in its discretion deems necessary.
Form 7.322 shall and Form 7.323 may be used in conjunction with this rule.
(c) Defensive Pleadings. Unless required by order of court, written pretrial motions and defensive pleadings are not necessary. If filed, copies of such pleadings shall be served on all other parties to the action at or prior to the pretrial conference or within such time as the court may designate. The filing of a motion or a defensive pleading shall not excuse the personal appearance of a party or his attorney on the initial appearance date (pretrial conference).
(d) [No change]
(e) Waiver of Appearance at Pretrial Conference. Where all parties are represented by an attorney, counsel may agree to waive personal appearance at the initial pretrial conference, if a written agreement of waiver signed by all attorneys is presented to the court prior to or at the pretrial conference. Said agreement shall contain a short statement of the disputed issues of fact and/or law, the number of witnesses expected to testify, an estimate of the time needed to try the case, and any stipulations of fact. The court shall forthwith set the case for trial within the time prescribed by these rules.
RULE 7.100. COUNTERCLAIMS, SET-OFFS, THIRD-PARTY COMPLAINTS, TRANSFER WHEN EXCESSIVE AND DEPOSIT—THEREFOR JURISDICTION EXCEEDED
(aMd) [No change]
(e) [Third-Party Complaints.] A defendant may cause a statement of claim to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiffs claim against him. A defendant must obtain leave of court on motion made at the initial pretrial conference and must file the third-party complaint within such time as the court may allow. The clerk shall schedule a supplemental pretrial conference, and on the date and time appointed in the notice to appear the third-party plaintiff and the third-party defendant shall appear personally or by counsel. If additional time is needed for the third-party defendant to prepare a defense, the court may continue the action. Any party may move to strike the third-party claim or for its severance or separate trial. When a counterclaim is asserted against the plaintiff, the plaintiff may bring in a third-party defendant under circumstances that would entitle a defendant to do so under this rule.
RULE 7.140 TRIAL
(a)-(e) [No change]
(f) How Conducted. The trial may be conducted informally but with decorum befitting a court of justice. The rules of evidence applicable to trial of civil actions apply but are to be liberally construed. At the discretion of the court and upon agreement-of-the parties, testimony of a non-party any party or witness may be presented over the telephone. Additionally, at the discretion of the court an attorney may represent a party or witness over the telephone without being physically present before the court.
RULE 7.210. STAY OF JUDGMENT AND EXECUTION
(a) Judgment or Execution or Levy Stayed. When judgment is to be entered against a party, the judge may inquire and permit inquiry about the earnings and financial status of the party and has discre *84 tionary power to stay an entry of judgment, or if entered, to stay execution or levy upon such terms as are just and in consideration of a stipulation on the part of the judgment debtor to make such payments as will ensure a periodic reduction of the judgment until it is satisfied.
(b)-(d) [No change]
RULE 7.221, HEARING IN AID OF EXECUTION
The judge, at the request of the judgment creditor, shall order a judgment debt- or to appear at a hearing in aid of execution at a time certain 30 or more days from the date of entry of a judgment for the purpose of inquiring of the judgment debt- or under oath as to earnings, financial status, and any assets available in excess of exemptions to be applied towards satisfaction of judgment. The provisions of this rule shall only apply to a judgment creditor who is a natural person and was not represented by an attorney prior to judgment. Forms 7.342, 7.343, and 7.344 shall be used in connection with this rule.
FORMS 7.322. SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE (CAPTION)
[[Image here]]
[[Image here]]
IMPORTANT—READ CAREFULLY THE CASE WILL NOT BE TRIED AT THAT TIME DO NOT BRING WITNESSES—APPEAR IN PERSON OR BY ATTORNEY
The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and/or time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.
The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.
If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.
RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendants), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: 1) Where the contract was entered into; 2) If suit is on an unsecured promissory note, where note is signed or where maker resides; 3) If the suit is to recover property or to foreclose a lien, where the property is located; 4) Where the event giving rise to the suit occurred; 5) Where any one or more of the defendants) sued resides; 6) Any location agreed to in a contract.
In an action for money due, if there is no agreement as to where suit may be filed, proper venue lies in the county where payment is to be made.
*85 If you, as a defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you may file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court seven days prior to your first court date and send a copy to the plaintiff(s) or plaintiff s(s’) attorney.
A copy of the statement of claim shall be served with this summons.
[[Image here]]
*86 [The following instructions are to be placed on the reverse side of the order and notice of trial]
IMPORTANT—READ CAREFULLY! YOU HAVE NOW ATTENDED A PRETRIAL CONFERENCE ON A SMALL CLAIMS ACTION. THIS WILL BE THE ONLY NOTICE YOU WILL RECEIVE CONCERNING YOUR TRIAL DATE AND WHAT YOU NEED TO DO TO PREPARE FOR YOUR TRIAL. DO NOT LOSE THIS ORDER AND NOTICE OF TRIAL. YOU ARE NOW SCHEDULED FOR A TRIAL AS LISTED ON THE REVERSE SIDE OF THIS PAPER. MAKE SURE YOU ARE AWARE OF ALL OF THE FOLLOWING:
1. NON-JURY TRIAL—You are now scheduled for a non-jury trial before a county court judge.
2. TRIAL DATE—Do not forget your trial date. Failure to come to court on the given date at the right time may result in your losing the case and the other party winning.
3. EXCHANGE OF DOCUMENTS AND INFORMATION—If the judge told you to submit any documents or give any information to the other party (such as a list of your witnesses’ names and addresses), DO IT. Failure to do this as directed by the judge may cause court sanctions against you such as extra court costs, contempt of court, or delays.
4. COUNTERCLAIMS—If you are the plaintiff and you have been given a written notice that a counterclaim has been filed against you in this lawsuit, this means that you are now being sued by the defendant. Also, if at the pretrial conference the judge allowed the defendant a certain number of days to file a counterclaim, the defendant must file that counterclaim within that number of days from the date of this pretrial conference order. If the defendant does that, the defendant has a claim now pending against you. If, at the time of the trial, the counterclaim has been properly filed, there are two lawsuits being considered by the judge at the same time, the plaintiff’s suit against the defendant and the defendant’s suit against the plaintiff. In the event that both claims are settled by the parties, both parties should notify the Clerk of the County Court, Civil Division, _, IN WRITING, of the settlement. Only after both the plaintiff and the defendant have notified the clerk in writing of the settlement is it not necessary for the parties to appear in court. Settlement of one claim, either the plaintiff’s claim against the defendant or the defendant’s claim against the plaintiff, has no effect as to the other claim, and that remaining claim will proceed to trial on the trial date listed on the pretrial conference order.
5. THIRD PARTY COMPLAINTS—If you are the defendant and you believe that the plaintiff may win his suit against you, but, if he does, someone else should pay you so you can pay the plaintiff, then you must file a third party complaint against that person and serve them with notice of your claim. Once he is served, he must appear in court as you have to answer your complaint against him. This must be done prior to trial within the time allowed you by the judge.
6. TRIAL PREPARATION—Bring all witnesses and all documents and all other evidence you plan to use at the trial. There is only one trial! Have everything ready and be on time. If the judge advised you at the pretrial conference hearing that you needed something for the trial, such as an expert witness (an automobile mechanic, automobile body repairman, a carpenter, a painter, etc.) or a particular document (a note, lease, receipts, statements, etc.), make sure that you have that necessary person or evidence at the trial. Written estimates of repairs are usually not acceptable as evidence in court unless both parties agree that the written estimates are proper for the judge to consider or unless the person who wrote the estimates is present to testify as to how he arrived at the amounts on the estimates and that those amounts are reasonable in his particular line of business.
7. COURT REPORTER AND APPEALS—Your non-jury trial will not be recorded. If you wish a record of the proceedings, a court reporter is necessary. To obtain a court reporter to record your final hearing, you must immediately contact the official court reporter, _ Florida _ Phone ( ) The cost to secure the presence of a court reporter is a minimum of $-for the first one-half hour or any portion thereof and $_per each additional half hour or portion thereof. To have the record of the proceeding transcribed, the cost is $_per page for the original and_per page for *87 each copy. Payment for the court reporter’s appearance must be made in advance to __ the official court reporter. Appeals to a higher court because you are not satisfied with the outcome of the trial are governed by special rules. One of these rules requires that the appellate court have a complete record of the trial to review for errors. If you do not have a court reporter at your trial, your chances for success on appeal will be severely limited.
8. SETTLEMENT—If all parties agree on settlement of all claims before trial, each party must notify the judge by telephone so that the allotted trial time may be reassigned to someone else. Immediately thereafter, the parties must, in writing, notify the clerk of the settlement, and the court will thereafter dismiss the case. The mailing address is: Clerk of the County Court, Civil Division,-
9. ADDRESS CHANGES—All changes in mailing addresses must be furnished in writing to the clerk and to the opposing party.
10. ADDITIONAL PROBLEMS—For anything you do not understand about the above information and for any additional questions you may have concerning the preparation of your case for trial, please contact the Clerk of the County Court, Civil Division, in person or by telephone ( )_. The clerk is not authorized to practice law and therefore cannot give you legal advice on how to prove your case. However, the clerk can be of assistance to you in questions of procedure. In the event that you need legal advice, please contact an attorney of your choice. If you know of none, call the_County Bar Association, Lawyer Referral Service for assistance, ( )_.
FORM 7.340. FINAL JUDGMENT
(CAPTION)
FINAL JUDGMENT AGAINST_(DEFENDANT’S NAME)_
[[Image here]]
[[Image here]]
FORM 7.342. EX PARTE MOTION AND ORDER FOR HEARING IN AID OF EXECUTION
(CAPTION)
EX PARTE MOTION FOR HEARING IN AID OF EXECUTION
The judgment creditor, .. pursuant to Rule 7.221, Florida Small Claims Rules, moves for an order requiring the judgment debtor(s), .., to appear at a hearing in aid of execution for the purpose of examining the judgment debtor(s) regarding his ability to satisfy the *88 final judgment entered in this cause and requiring the judgment debtor(s) to complete a FACT SHEET and bring it to the hearing in aid of execution.
[[Image here]]
ORDER FOR HEARING IN AID OF EXECUTION
[[Image here]]
FORM 7.343. FACT INFORMATION SHEET
(CAPTION)
FACT INFORMATION SHEET
Name:_
Address:_
Telephone Number: _
Place of Employment: _Salary: $_/_
Social Security Number: _Birthdate: _
Spouse’s Name:_
Spouse’s Employment:_Salary: $_/_
Spouse’s Social Security Number: _Birthdate:_
Other Income:_Amount: $_
Number in Family: _
Home Mortgage or Rent Paid to: _
Monthly Payments: $_
Checking Account at: _Account #_
Savings Account at:_Account #_
Do You Own a Vehicle? _Year/Make/Model:_
Vehicle ID #:_Tag No:_Loan: $_
Please check if you own the following: Boat_Camper_Stocks/Bonds_Other
Real Property_Other Personal Property_
Bring papers, i.e., deeds, titles, certificates, tax returns to hearing. (Explain details on the back of this sheet.)
[[Image here]]
*89 [[Image here]]
FORM 7.344. ORDER TO SHOW CAUSE
(CAPTION)
ORDER TO SHOW CAUSE
IN THE NAME OF THE STATE OF FLORIDA:
TO:
[[Image here]]