PER CURIAM.
The Florida Bar Small Claims Rules Committee has submitted its quadrennial report of proposed changes to the Florida Small Claims Rules. We have jurisdiction pursuant to article V, section 2(a), Florida Constitution.
The rules committee proposes substantive amendments to rules 7.020(b), 7.070, 7.110(e), 7.140(e), 7.221, 7.343, and 7.345. The proposed rule changes were approved unanimously by the rules committee. Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed amendments were submitted to the Board of Governors of The Florida Bar for its recommendation. The Board of Governors approved the proposed changes. The proposed changes were published for comment and comments dealing with rule 7.010(b) were filed by The Florida Bar Board of Governors and the Florida Chapters of the National Association of Credit Management. These two entities have recommended that we increase the jurisdictional limit of Small Claims Courts from $2,500 to $5,000. They point out that inflation alone would justify a substantial increase in he jurisdictional limit. They also note that we have not reviewed this matter since 1988 when we turned down a similar request to raise the limit to $5,000. See In re Florida Bar Small Claims Rules, 537 So.2d 81 (Fla. 1988).
After reviewing the report of the rules committee, we approve the proposed amendments to the Florida Small Claims Rules and follow the recommendation of the Board of Governors that we increase the jurisdictional limit to $5,000.[1] The following is a brief explanation of the rule changes approved by this Court.
Subdivision (b) of rule 7.020, “Applicability of Rules of Civil Procedure,” expands the scope of the applicable Florida Rules of Civil Procedure to include rule 1.380. This change allows a small claims court to issue and impose sanctions for failure to comply with discovery requests.
Rule 7.070 is modified to preclude the application of Rule of Civil Procedure 1.070(i) because Small Claims Rule 7.110(e) already provides for dismissal of a claim for failure to prosecute after six months of inactivity.
Rule 7.110(e) is amended to be consistent with Rule of Civil Procedure 1.420(e). The present language prevents the dismissal of an action for failure to prosecute only if a party, before the motion to dismiss hearing, shows good cause in writing. The new language prevents the dismissal of an action for failure to prosecute when a stipulation staying the action has been filed with the court, when a stay order has been filed, or when a party shows good cause in writing at least five days before the hearing on the motion.
Rule 7.140(e) is revised to expressly provide that the judge, while able to assist an unrepresented party, should not act as an advocate for that party. The subdivision heading is changed from “Assistance by *1076 Court” to “Unrepresented Parties” and courts are now allowed to assist unrepresented parties on “courtroom decorum” and “order of presentation of material evidence.”
Rule 7.221 is amended by the addition of a new initial paragraph. The purpose of this addition is to make form 7.343 (Fact Information Sheet) available for use by both a judgment creditor and a judgment creditor’s attorney, even though the hearing in aid of execution is not available to the attorney. The rule allows the court to include the order to complete the Fact Information Sheet as part of the final judgment or the court may issue the order within thirty days of the order or within a reasonable time determined by the court.
Form 7.340, the final judgment, is revised to make provision for interest, including prejudgment interest.
Form 7.343, the “Fact Information Sheet,” is substantially changed by the addition and deletion of numerous information requests. The changes allow the judgment creditor to better evaluate the financial position of the judgment debtor involved.
Form 7.345 — Stipulation for Installment Settlement and Stay and Order Approving Stipulation — is modified to reflect state statutory changes regarding the rate of post judgment interest which accrues in the event a defendant defaults in payment as set forth in the stipulation.
In the appendix below, deletions are indicated by use of struck-through type. New language is indicated by underscoring. The committee notes are offered only for explanation and are not adopted as an official part of the rules. These amendments shall become effective January 1,1997.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 7.010. TITLE AND SCOPE
(a)Title. These rules shall be cited as Florida Small Claims Rules and may be abbreviated “Fla.Sm.Cl.R.” These rules shall be construed to implement the simple, speedy, and inexpensive trial of actions at law in county courts.
(b)Scope. These rules are applicable to all actions at law of a civil nature in the county courts in which the demand or value of property involved does not exceed ■$⅞566⅜5,000 exclusive of costs, interest, and attorneys’ fees; if there is a difference between the time period prescribed by these rules and section 51.011, Florida Statutes, the statutory provision shall govern.
RULE 7.020. APPLICABILITY OF RULES OF CIVIL PROCEDURE
(a) Generally. Florida Rules of Civil Procedure 1.090(a), (b), and (c); 1.190(e); 1.210(b); 1.260; 1.410; and 1.560 are applicable in all actions covered by these rules.
(b) Discovery. Any party represented by an attorney is subject to discovery pursuant to Florida Rules of Civil Procedure 1.280-1.3701.380 directed at said party, without order of court. If a party proceeding without an attorney directs discovery to a party represented by an attorney, the represented party may also use discovery pursuant to the above-mentioned rules without leave of court. When a party is unrepresented and has not initiated discovery pursuant to Florida Rules of Civil Procedure 1.280-L3701.380, the opposing party shall not be entitled to initiate such discovery without leave of court. However, the time for such discovery procedures may be prescribed by the court.
(c) Additional Rules. In any particular action, the court may order that action to proceed under 1 or more additional Florida Rules of Civil Procedure on application of any party or the stipulation of all parties on the court’s own motion.
Committee Notes
1972 Amendment. Subdivision (a) is amended by giving the court authority to apply additional rules of civil procedure in any particular case on the application of a party, stipulation of all parties, or order on the court’s own motion.
1978 Amendment. These proposed amendments would help prevent overreaching and the ability of one party to ob *1077 tain judgment without giving the court the full opportunity to consider the merits of the case. When attorneys are involved, the rule would preserve the ability of the parties to fully develop their eases.
1996 Amendment. The addition of Fla. R. Civ. P. 1.380 enables the court to issue and impose sanctions for failure to comply with discovery requests.
RULE 7.070. METHOD OF SERVICE OF PROCESS
Service of process shall be effected as provided by law or as provided by Florida Rules of Civil Procedure 1.070(a)-(h). Constructive service or substituted service of process may be effected as provided by law. Service of process on Florida residents only may also be effected by certified mail, return receipt signed by the defendant, or someone authorized to receive mail at the residence or principal place of business of the defendant, the cost of which is in addition to the filing fee.
Committee Notes
1978 Amendment. Present rule provides for certified or registered mail. Certified mail has not been satisfactory since the Postal Service does not deliver to the defendant in all eases.
1984 Amendment. Mail service is allowed on persons authorized to receive mail for the defendant similar to substituted service by the sheriff on a resident of the defendant’s abode. The proposal clarifies the rule that service by mail is not available for out-of-state defendants.
1992 Amendment. The committee has found that most jurisdictions forward the summons and complaint for service by certified mail rather than registered mail. Therefore, the rule is changed to conform to the custom and to be more in keeping with the other service requirements that are required by certified mail as opposed to registered mail.
1996 Amendment. The rule is being modified to exclude Fla. R. Civ. P. 1.070(i) because Small Claims Rule 7.110(e) provides for dismissal of a claim for failure to prosecute after 6 months of inactivity.
Court’s Commentary
1972 Amendment. The payment of costs of service by certified or registered mail from the filing fee is authorized by section 34.041(1), Florida Statutes; chapter 72-404, Laws of Florida.
RULE 7.110. DISMISSAL OF ACTIONS
(a) Voluntary Dismissal; Effect Thereof.
(1) By Parties. Except in actions where property has been seized or is in the custody of the court, an action may be dismissed by the plaintiff without order of court (A) by the plaintiff informing the defendant and clerk of the dismissal before the trial date fixed in the notice to appear, or before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated, the dismissal is without prejudice, except that a dismissal operates as an adjudication on the merits when a plaintiff has once dismissed in any court an action based on or including the same claim.
(2) By Order of the Court; If Counterclaim. Except as provided in subdivision (a)(1) of this rule, an action shall not be dismissed at a party’s instance except upon order of the court and on such terms and conditions as the court deems proper. If a counterclaim has been made by the defendant before the plaintiff dismisses voluntarily, the action shall not be dismissed against the defendant’s objections unless the counterclaim can remain pending for independent adjudication. Unless otherwise specified in the order, a dismissal under this subdivision is without prejudice.
(b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court. After a party seeking affirmative relief in an action has completed the presentation of evidence, any other party may move for a dismissal on the ground that *1078 upon the facts and the law the party seeking affirmative relief has shown no right to relief without waiving the right to offer evidence in the event the motion is not granted. The court may then determine them and render judgment against the party seeking affirmative relief or may decline to render any judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.
(c) Dismissal of Counterclaim. The provisions of this rule apply to the dismissal of any counterclaim.
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based on or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court, or otherwise for a period of 6 months shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after 30 days’ notice to the parties, unless a party — before—the—hearing- on.the ■ motion shows good cause in writinga stipulation staying the action has been filed with the court, or a stay order has been filed, or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.
Committee Notes
1978 Amendment. Former subdivision (e) provided for 1 year rather than 6 months.
1984 Amendment. Subdivision (e) is changed to allow more time for an attorney to inquire about the status of a claim. Many actions are disposed of by a stipulation to pay, and it may take longer than 10 days to determine the amount due, if any.
1996 Amendment. Subdivision (e) is amended to be consistent with Fla. R. Civ. P. 1.420(e), which includes specific language concerning a stipulation staying the action approved by the court or a stay order as a condition when an action would not automatically be up for dismissal based on lack of prosecution.
Court’s Commentary
1972 Amendment. Substantially the same as Florida Rule of Civil Procedure 1.420.
RULE 7.140. TRIAL
(a) Time. The trial date shall be set by the court at pretrial.
(b) Determination. Issues shall be settled and motions determined summarily.
(c) Pretrial. The pretrial conference should narrow contested factual issues. The case may proceed to trial with the consent of both parties.
(d) Settlement. At any time before judgment, the judge shall make an effort to assist the parties in settling the controversy by conciliation or compromise.
e. Assistance by Court UnrepsentedParties. In an effort to securefurther the proceedings and in the interest of securing substantial justice, the court shall assist any party not represented by an attorney on:
(1)procedure to be followed;courtroomdecorum; and
(2) order of presentation of material evidence,-and
(3) questions of law.
The court may not instruct any party not represented by an attorney on accepted rules of law. The court shall not act as an advocate for a party.
(f)How Conducted. The trial may be conducted informally but with decorum befitting a court of justice. The rules of evidence applicable to trial of civil actions apply but are to be liberally construed. At the discretion of the court, testimony of any party or witness may be presented over the tele *1079 phone. Additionally, at the discretion of the court an attorney may represent a party or witness over the telephone without being physically present before the court.
Committee Notes
1984 Amendment, (a) Changed to conform this rule with the requirement for pretrials.
(c) Allows the cases to proceed to trial with consent of the parties.
(f) This is similar to the proposed amendment to the Florida Rules of Civil Procedure to allow depositions by telephone. Since the court has discretion to allow this testimony, all procedural safeguards could be maintained by the court. Since the court is also the trier of fact, the testimony could be rejected if unreliable.
1988 Amendment. Extends the taking of testimony over the telephone to include parties, deletes the agreement of the parties provision, and adds authorization for an attorney to represent a party or witness over the telephone without being physically present before the court.
1996 Amendment. The revised version of subdivision (e) addresses the need to expressly provide that the judge, while able to assist an unrepresented party, should not act as an advocate for that party.
RULE 7.221. HEARING IN AID OF EXECUTION
(a) Use of Form 7.343. In any final judgment, the judge shall include the Optional Enforcement Paragraph of form 7.340 if requested by the prevailing party or attorney. In addition to the forms of discovery available to the judgment creditor under Fla. R. Civ. P. 1.560, the judge, at the request of the judgment creditor or the judgment creditor’s attorney, shall order a judgment debtor to complete form 7.843 within 30 days of the order or other such reasonable time determined by the court. If the judgment debtor fails to obey the order, Fla. R. Civ. P. Form 1.982 may be used in conjunction with this subdivision of this rule.
(b) Purpose of Hearing. The judge, at the request of the judgment creditor, shall order a judgment debtor to appear at a hearing in aid of execution at a time certain 30 or more days from the date of entry of a judgment for the purpose of inquiring of the judgment debtor under oath as to earnings, financial status, and any assets available in excess of exemptions to be applied towards satisfaction of judgment. The provisions of this subdivision of this rule shall only apply to a judgment creditor who is a natural person and was not represented by an attorney prior to judgment. Forms 7.342, 7.343, and 7.344 shall be used in connection with this subdivision of this rule.
Committee Notes
1988 Amendment. Provides a procedure for postjudgment, court-assisted discovery for natural person judgment creditors, unrepresented by counsel prior to judgment.
1996 Amendment. The purpose of the change is to make form 7.343 (Fact Information Sheet) available for use by both a party and the party’s attorney, even though the hearing in aid of execution is not available to the attorney. The rule will allow the court to include the order as part of the final judgment or to issue the order after the judgment. The court may adjust the time allowed for the response to the Fact Information Sheet to fit the circumstances.
FORM 7.340. FINAL JUDGMENT
(CAPTION)
FINAL JUDGMENT AGAINST (DEFENDANT®’S NAME)
It is adjudged that the plaintiff(s), ., recover from the defendants), ., the principal — sum of $. on principal, $. as prejudgment interest, $. .for attorneys’ fees, with costs of $., making — a—subtotal-of $., thatall of which shall bear interest at the rate of.% afor the current year and in addition-prejudgment interest-of $. (if applicable)thereafter at the prevailing rate per year as provided for by Florida Statute, for all of the-abovewhich let execution issue.
*1080 [[Image here]]
(OPTIONAL ENFORCEMENT PARAGRAPH)
It is further ordered and adjudged that the defendant(s) shall complete Florida Small Claims Rules Form 7.343 (Fact Information Sheet) and return it to the plaintiffs attorney, or to the plaintiff if the plaintiff is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment ifis satisfied or a motion for new trial or notice of appeal is filed. Jurisdiction of this case is retained to enter further orders that are proper to compel the defendant(s) to complete form 7.343 and return it to the plaintiffs attorney, or the plaintiff if the plaintiff is not represented by an attorney.
FORM 7.343. FACT INFORMATION SHEET
(CAPTION)
FACT INFORMATION SHEET
[[Image here]]
*1081 [[Image here]]
Please attach copies of the following:
a. Your last pay stub.
b. Your last 3 statements for each bank, savings, credit union, or other financial account.
c. Your motor vehicle registrations and titles.
d. Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting-
UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.
Judgment Debtor
STATE OF FLORIDA COUNTY OF. The foregoing instrument was acknowledged before me this . day of . 19 by .. who is personally known to me or has produced *1082 . as identification and who“ .did/did .not take” an oath. WITNESS my hand and official seal, this. .day of.,19.
Notary Public
State of Florida
My Commission expires:
[[Image here]]
MAIL OR DELIVER THIS FORM TO THE CLERK OF THE COURT, AND MAIL OR DELIVER A COPY OF THE COMPLETED FORM TO THE JUDGMENT CREDITOR OR THE CREDITOR’S ATTORNEY.
FORM 7.345. STIPULATION FOR INSTALLMENT SETTLEMENT AND STAY AND ORDER APPROVING STIPULATION
(CAPTION)
STIPULATION FOR INSTALLMENT SETTLEMENT. AND STAY AND ORDER APPROVING STIPULATION
Plaintiff and defendant(s), by the signatures below, stipulate that defendant(s) is/are indebted to plaintiff in the sum of $., plus court costs of $., interest of $., and attorneys’ fees of $., which defendants) agree(s) to pay in installments of $.. the first of such payments to be due on the.day of.,19., and continuing each . until paid in full. If the total sum is paid timely and in full, plaintiff agrees that no judgment shall be entered against the defendant(s), and that additional costs, interest, and attorneys’ fees, if any, shall be waived. If the defendant(s) shall default in payment hereunder, plaintiff shall be entitled to judgment, execution, costs, interest at the rate of — 12%-or at the contract rateprovided by law, and attorneys’ fees, after written application to the court, without notice. Defendant(s) acknowledge(s) delivery of a true copy hereof at . County, Florida. ALL PAYMENTS ARE TO BE MADE PAYABLE TO: ., and mailed or delivered to:
TIME IS OF THE ESSENCE IN THIS AGREEMENT.
[[Image here]]
ORDER STAYING CAUSE AND APPROVING STIPULATION
On the foregoing stipulation signed, delivered, and confirmed at . County, Florida, further proceedings in this cause are stayed pending notice from plaintiff that the stipulation has been fulfilled or violated.
ORDERED at . Florida, this. day of 19.
County Court Judge
Conformed copies furnished by hand delivery to: Plaintiff/Attorney for Plaintiff Defendants)
*1083 Committee Notes
1992 Adoption. Many parties and attorneys litigate in various jurisdictions in the state, and the committee felt that a standard form for settlement would be much more convenient for the litigants and the court system.
1996 Amendment. This form has been modified to reflect recent changes in the statutory rate of interest calculated on final judgment amounts.

. The last time we changed the jurisdictional limit was over twelve years ago. See Florida Bar re Rules of Summary Procedure, 461 So.2d 1344 (Fla.l984)(raising jurisdictional limit from $1,500 to $2,500).