IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


CARGLASS, INC., LLC A/A/O AMY BILILA,

     Appellant,

v.                                 Case No.  5D21-1595
                                   LT Case No. 2016-SC-33720

ESURANCE INSURANCE COMPANY,

     Appellee.

_____/

Opinion filed September 16, 2022

Appeal from the County Court
for Volusia County,
Belle B. Schumann, Judge.

Chad A. Barr, of Chad Barr Law,
Altamonte Springs, for Appellant.

Jay M. Walker, of Martinez Denbo,
LLC, St. Petersburg, for Appellee.

PER CURIAM.

     Carglass, Inc., LLC a/a/o Amy Bilila ("Carglass") appeals the trial

court's order dismissing its case against Esurance Insurance Company

("Esurance") for lack of prosecution. We affirm.

The underlying dispute in this case concerns Esurance's non-payment of a claim under the automobile insurance policy covering Bilila's vehicle. Esurance issued the subject policy to Bilila, and in November 2014, her vehicle sustained windshield damage. Bilila assigned her insurance benefits to Carglass, which repaired the windshield and submitted an invoice to Esurance for approximately $133, but Esurance made only a partial payment of $62. In October 2016, Carglass filed suit against Esurance, alleging breach of contract and seeking recovery of full insurance benefits.

The suit was filed in Volusia County as a small claims case in county court, but, pursuant to Small Claims Rule 7.020, the parties agreed to invoke the Florida Rules of Civil Procedure.[1] Importantly, however, the trial court's order approving that request expressly retained the six-month timeframe for dismissal of a case for lack of prosecution, as reflected in Small Claims Rule 7.110(e), although the rule itself was not cited.

There was various record activity over the course of the next two years, including a motion to dismiss filed by Esurance, asserting that it had invoked its right to appraisal and Carglass had failed to comply. Carglass sought to

---

[1] Small Claims Rule 7.020, titled, "Applicability of Rules of Civil Procedure," provides in relevant part: "**(c) Additional Rules.** In any particular action, the court may order that action to proceed under 1 or more additional Florida Rules of Civil Procedure on application of any party or the stipulation of all parties or on the court's own motion." Fla. Sm. Cl. R. 7.020(c).

engage in discovery on that issue, and in response, Esurance filed a motion for protective order. The case then effectively sat dormant for approximately one year.

In December 2019, five years after the damage to the windshield occurred and three years after the suit was filed, the trial court issued its first notice of lack of prosecution, pursuant to Small Claims Rule 7.110(e). The court set a hearing and indicated that the case would be dismissed unless Carglass established good cause in writing at least five days before the hearing. Thereafter, Carglass filed its good cause response, asserting that (1) the case was "one in a larger group of cases pending in Volusia County . . . involving various entities falling under the Esurance insurance company umbrella"; (2) additional discovery had been filed; and (3) dismissal would cause Carglass to refile the case and incur additional costs. The trial court entered an order accepting Carglass' response and the case remained pending.

In April 2021, the trial court entered a second notice of lack of prosecution, set a hearing, and again ordered Carglass to show good cause within five days prior to the hearing. Carglass timely filed its second good cause response, which was identical to the first.

3

At the hearing, counsel for Carglass explained that there were a number of cases pending in various Florida appellate courts concerning appraisal, which, according to counsel, was the central issue in the instant case. Counsel went on to state, "[I]f the Court would review the docket, it appears that the rules of civil procedure were fully invoked, and that there was no particular reservation for the small claims rule to be active in this case." Finding that there had been no record activity within six months prior to the second notice of lack of prosecution and no good cause shown, the trial court dismissed Carglass' suit.[2] This appeal followed.

A trial court's construction of a rule of civil procedure is reviewed de novo. See Chemrock Corp. v. Tampa Elec. Co., 71 So. 3d 786, 790 (Fla. 2011). Small Claims Rule 7.110(e) provides:

> **(e) Failure to Prosecute.** All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court, or otherwise for a period of 6 months shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after 30 days' notice to the parties, unless a stipulation staying the action has been filed with the court, or a stay order has been filed, or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.

---

[2] At that point, it had been seven-and-a-half years since the damage to the windshield occurred and over four-and-a-half years since the complaint had been filed.

Rule 1.420(e) provides:

> **(e) Failure to Prosecute.** In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

On appeal, Carglass argues that, once the parties invoked the Florida Rules of Civil Procedure, rule 1.420(e) and its ten-month timeframe for record activity governed the case—absent the trial court specifically stating that Small Claims Rule 7.110(e) still controlled. Alternatively, Carglass asserts that Small Claims Rule 7.110(e) should be interpreted as including a 30-day grace period for record activity, consistent with rule 1.420(e)'s 60-day

5

grace period; and because Carglass' good cause response was filed within that 30-day period, dismissal was improper. We reject both arguments.[3]

As to Carglass' first argument, it relies on <u>Mote Wellness & Rehab, Inc. v. State Farm Mutual Automobile Insurance Co.</u>, 331 So. 3d 191, 192 (Fla. 4th DCA 2021). In <u>Mote</u>, the Fourth District reversed the county court's dismissal for lack of prosecution because "there was record activity and, even if there was no record activity, the county court failed to give the Provider proper notice before dismissing the case." 331 So. 3d at 192. Carglass seizes on the fact that the Fourth District also found that the county court further erred by applying Small Claims Rule 7.110(e)'s six-month timeframe instead of rule 1.420(e)'s ten-month timeframe when the county court had previously invoked the Florida Rules of Civil Procedure. <u>Id.</u> at 193. However, in the instant case, although the trial court broadly invoked the Florida Rules of Civil Procedure, it also stated that the "six (6) months lack of prosecution remains," making it clear that Small Claims Rule 7.110(e)'s timeframe still governed the case. As such, the instant case is distinguishable from <u>Mote</u>.

---

[3] We affirm without discussion Carglass' third argument—that the trial court abused its discretion in finding that good cause was not established to avoid dismissal. <u>See</u> <u>Swait v. Swait</u>, 958 So. 2d 552, 553 (Fla. 4th DCA 2007) ("The abuse of discretion standard is triggered only if the trial court must make a determination of good cause." (citations omitted)).

Next, we reject Carglass' request to construe Small Claims Rule 7.110(e) as including an implicit 30-day grace period for filing record activity, similar to the explicit 60-day grace period found in rule 1.420(e). The plain language of the two rules compels this result, as 1.420(e) expressly provides for a 60-day grace period, whereas Small Claims Rule 7.110(e) does not. See Fla. R. Civ. P. 1.420(e); Fla. Sm. Cl. R. 7.110(e); see also Metcalfe v. Lee, 952 So. 2d 624, 628 (Fla. 4th DCA 2007) (noting that courts must interpret rules of civil procedure in accord with their "plain and ordinary meaning" (citing Weber v. Dobbins, 616 So. 2d 956, 958 (Fla. 1993))). Accordingly, we find that the trial court correctly applied Small Claims Rule 7.110(e) in dismissing Carglass' suit for lack of prosecution. We likewise refrain from reading into the small claims rule a 30-day grace period for filing record activity to avoid dismissal.[4]

AFFIRMED.

EVANDER, COHEN and EDWARDS, JJ., concur.

---

[4] While it is true that Small Claims Rule 7.110(e) has been amended to conform to rule 1.420(e), see In re Amendments to The Florida Small Claims Rules, 682 So. 2d 1075, 1075, 1078 (Fla. 1996), to date, the Florida Supreme Court has not amended the small claims rule any further to include a similar grace period provision.