# Third District Court of Appeal

## State of Florida

Opinion filed September 29, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-0214
Lower Tribunal No. 19-15831

————————

**Yassiel Cabre and Nancy Ascanio Cabre,**
Appellants,

vs.

**Carrington Mortgage Services, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Hernandez Law, P.L., and Andy R. Hernandez, for appellants.

Akerman, LLP, and Nancy M. Wallace (Tallahassee), William P. Heller (Fort Lauderdale), and Eric M. Levine (West Palm Beach), for appellee.

Before LOGUE, GORDO, and BOKOR, JJ.

BOKOR, J.

Appellants, Yassiel Cabre and Nancy Ascanio Cabre, appeal the striking of their pleadings and the entry of default and default final judgment in favor of Appellee, Carrington Mortgage Services, LLC. Based on a review of the record, the Cabres' actions do not rise to the level of "contumacious disregard of the court's authority," bad faith, willful disregard, or gross indifference necessary to strike pleadings. Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983) (explaining that only a "deliberate and contumacious disregard of the court's authority will justify [the striking of pleadings], as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness") (citations omitted); see also Ledo v. Seavie Res., LLC, 149 So. 3d 707, 710 (Fla. 3d DCA 2014) (requiring courts to make "a determination and findings of willful or deliberate disregard of a court's authority" before striking pleadings as a sanction).

Here, the Cabres filed their answer and affirmative defenses as well as responses to initial discovery propounded by Carrington. Thereafter, the record reflects that the Cabres' counsel withdrew approximately a month after filing an answer and responding to discovery. The striking of pleadings and entry of default and default final judgment that give rise to this appeal all

occurred within an approximately six-week period in which the Cabres were either seeking new counsel or had just obtained new counsel.[1]

Importantly, much of the activity occurred during the time allowed the Cabres to find new counsel which doesn't reflect a "refusal to participate in this litigation in good faith." Accordingly, we vacate the order striking the pleadings, and the default and default final judgment entered in favor of Carrington,[2] and remand to the trial court for further proceedings on the merits consistent with this opinion.

---

[1] A review of the timeline reveals no bad faith, unreasonable delay, or contumacious disregard of any court order or deadline. The Cabres answered the complaint on September 18, 2019. Their counsel moved to withdraw on November 19, 2019, which motion was granted by the trial court on December 3, 2019. Said order gave the Cabres twenty days to find new counsel. Nonetheless, (1) Carrington moved, *ex parte,* to compel discovery, which the court granted the next day; (2) the Cabres were ordered to provide better answers to Carrington's discovery requests with a deadline that coincided with the end of the stay; and (3) Carrington obtained an order from the court granting its motion to overrule certain objections to discovery and requiring a response by December 30, 2019, with no further extensions. Significantly, the Cabres timely moved for an extension of time to obtain new counsel. Further, despite the December 30, 2019 deadline, on December 24, 2019, Carrington moved to strike the Cabres' pleadings and for entry of default based on the Cabres' alleged noncompliance with their discovery requests. With the Cabres' motion for extension of time still pending, the trial court granted Carrington's motion to strike pleadings and entered default against the Cabres. The Cabres' new counsel made an appearance on January 17, 2020 and promptly filed a motion to vacate default and in opposition to entry of default final judgment. The above timeline belies any willful disregard of the court's authority.

[2] Because we vacate the default final judgment for the reasons set forth in this opinion, we need not consider the alternative argument that the default

3

Reversed and remanded.

<hr />

final judgment improperly reduced nonliquidated damages to a judgment without a proper hearing.