# Third District Court of Appeal

## State of Florida

Opinion filed January 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2016
Lower Tribunal No. 18-15418
_____

**Sherrie Clements,**
Appellant,

vs.

**Club Space Management, LLC**, d/b/a Club Space,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Sherrie Clements, in proper person.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez and Carly M. Weiss, for appellee.

Before HENDON, GORDO and BOKOR, JJ.

BOKOR, J.

Sherrie Clements appeals the trial court's striking of her pleadings for her repeated failures to comply with discovery deadlines and court orders. The trial court didn't strike pleadings for the first or second violation, or for technical violations, but instead struck the pleadings after giving Ms. Clements, by that time representing herself, multiple opportunities to comply or cure the violations. And Ms. Clements didn't provide incomplete or partial responses; rather, Ms. Clements provided no responses to overdue discovery even after multiple attempts and deadlines and failed to provide a witness or exhibit list on the eve of trial. While the striking of pleadings is a severe sanction, based on the facts of this case, we cannot say the trial court abused its discretion.

Ms. Clements sued Club Space in tort for an injury allegedly caused by a club-employed security guard's negligent handling of her, which caused her to trip over a railing and fall. The trial court ordered non-binding arbitration, which occurred in January 2022. After arbitration, Ms. Clements sought a trial de novo. In March 2022, Ms. Clements' counsel withdrew. Ms. Clements proceeded pro se. In April 2022, the trial court entered a uniform trial order setting the trial for October 2022. The trial order contained pre-trial deadlines and the warning that failure to comply may result in sanctions as deemed proper by the trial court, including the striking of pleadings.

Ms. Clements appeared at an August 18, 2022 hearing on a motion for extension of time to respond to Club Space's outstanding discovery requests. Although the motion was filed by Ms. Clements' then-counsel, by the time of the hearing, she represented herself. The trial court entered an order requiring Club Space to re-serve Ms. Clements with the discovery requests and provided her 20 days from the date of service to respond. The trial court also explained the importance of responding to discovery, especially considering the upcoming trial date. Club Space propounded the discovery, but Ms. Clements didn't reply. Club Space moved to strike based on the continued failure to comply with court orders, and noted the prejudice caused by the lack of discovery responses less than a month before trial. On October 5, 2022, the trial court gave Ms. Clements an additional three days to respond. At the October 10, 2022 calendar call, the parties appeared, and Club Space noted Ms. Clements still had not responded, while the trial court explained that the responses were late, that Club Space was prejudiced by Ms. Clements' noncompliance, and that she needed to make every effort to mitigate the prejudice and respond.

On October 11, 2022, Club Space filed another motion to strike for failure to comply with the October 5, 2022 order, citing Florida Rule of Civil Procedure 1.380(b)(2)(C). Having failed to comply with multiple orders and

3

still having provided no discovery responses, witness or exhibit lists, the trial court entered the subject order on October 25, 2022, striking the pleadings and dismissing the case with prejudice.

We examine the trial court's order imposing sanctions under Rule 1.380 for abuse of discretion. Tobin v. Tobin, 117 So. 3d 893, 895 (Fla. 4th DCA 2013); Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980).[1] Ms. Clements, as the appellant, bears the burden of showing that the record fails to support the sanctions. See, e.g., Fernandez v. Arocha, 308 So. 2d 45, 45 (Fla. 3d DCA 1975). Ms. Clements offers conclusory allegations but no support in the record for the contention that the trial court abused its discretion in striking the pleadings on the eve of trial in the face of a complete lack of any attempt at compliance with multiple orders, after multiple hearings and admonitions by the trial judge. The trial order, the judge's own words, and the multiple orders providing deadlines put Ms. Clements on notice as to the possibility of sanctions, and the fact that she represented herself is

---

[1] The fact that Ms. Clements represented herself means that the trial court wasn't required to engage in an analysis of the factors set forth in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993). See, e.g., Ledo v. Seavie Res., LLC, 149 So. 3d 707, 710 (Fla. 3d DCA 2014) ("Since Ledo was sanctioned for his own failures to comply with court orders while he was acting *pro se*, Kozel has no application here."). Instead, we review the sanctions as outlined in Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004), and Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983).

4

ultimately no excuse in the face of the multiple failures to comply. The trial court appeared to take Ms. Clements' status into account, giving clear instruction and multiple opportunities, and explaining the importance of compliance and that Club Space would be severely prejudiced without such compliance.[2] Ms. Clements does not (and cannot) show that the trial court abused its discretion or failed in any way to provide Ms. Clements with notice or an opportunity to cure before entering sanctions.

Affirmed.

---

[2] It is better practice to provide written findings in an order striking pleadings for willful and contumacious disregard of discovery orders. Indeed, in many circumstances, such failure will result in reversal. But here, as in Ledo, the record reflects that the trial court repeatedly warned Ms. Clements that she needed to comply with discovery orders, and she was on notice that such failure to comply could result in sanctions including striking of pleadings. The record shows that this was not technical noncompliance, a few days late, partial compliance, or the like, but "was the result of [Ms. Clements'] willful and deliberate disregard of the court's orders, rather than any mistake or inadvertence." Ledo, 149 So. 3d at 711. Further, "[u]nder the circumstances of this case—where the record demonstrably establishes [Ms. Clements'] deliberate disregard of the trial court's order[s]—we do not find any reversable error in the trial court's failure to provide written findings of fact." Id.; see also Ham, 891 So. 2d at 496 (requiring express findings "to the extent the record is susceptible to more than one interpretation"). Here, the record is clear and not susceptible to multiple interpretations.