960 So.2d 798 (2007)
Jean Audrey HASTINGS n/k/a Jean Audrey Shepard and Lance Hastings n/k/a Lance Shepard, Appellants,
v.
The ESTATE OF Lawrence Vaeth HASTINGS, Appellee.
No. 3D07-386.
District Court of Appeal of Florida, Third District.
June 20, 2007.
Philip D. Parrish, Miami, for appellant.
*800 Miller, Schwartz & Miller and A. Matthew Miller, Hollywood, for appellee.
Before GREEN, WELLS, and ROTHENBERG, JJ.
WELLS, J.
Lance Hastings n/k/a Lance Shepard appeals from an order dismissing with prejudice his third amended petition for statutory child support as a sanction for failure to comply with a court order. We reverse.
Jean Audrey Hastings n/k/a Jean Audrey Shepard (the mother) and Lawrence Vaeth Hastings (the father) divorced in 1953. The father was ordered to pay child support until Lance, the parties' only child, reached the age of 21. In 2001, the father filed a declaratory judgment action to determine whether he was obligated to pay child support for Lance, then 50 years old, who suffered from an autism-related condition known as Asperger's syndrome, for which Lance had received treatment since he was 8 years old. Mother and son counter-petitioned for statutory child support.
The trial court granted summary judgment for the father, concluding that it was too late for a support action to be brought. In Hastings v. Hastings, 841 So.2d 484, 486 (Fla. 3d DCA 2003), this court reversed and remanded for further proceedings, finding that "a dependent person's right to an independent action against her or his father or mother . . . can be brought at any time as the parents remain responsible for support throughout the dependency, and throughout their lives."
Following remand, on May 30, 2004, the father died. Mother and son were given 90 days in which to substitute the father's estate as a party. They failed to timely do so (filing one day late) claiming that they had been prevented from timely amending to join the estate because no estate had been opened by the father's surviving spouse within the time allotted for amendment. At the urging of the estate, the action was dismissed. However, after much wrangling with the estate, the dismissal order was vacated and mother and son were permitted to proceed on their second amended petition.
On January 9, 2006, the trial court dismissed, with prejudice, all claims for child support for that period of time between the date on which the son attained majority and the date on which the counter petition for support was filed (November 2, 2001). The court also dismissed all claims for support following the date of the father's death (May 30, 2004).[1] The mother was ordered to amend to name herself as a respondent rather than as a petitioner. Mother and son were accorded 60 days in which to amend.
Two weeks later, mother and son's second lawyer was granted leave to withdraw because he was turning 70 years of age and retiring from the practice of law. In early March 2006, within the 60 days allotted for filing of an amended petition, Greenberg Traurig, P.A. entered an appearance for the purpose of securing an additional 60 day extension, or through June 13, 2006, to permit Legal Aid of Miami to familiarize itself with this action so as to assist mother and son on a pro bono basis.[2] The motion was granted. Greenberg Traurig thereafter sought an *801 additional 30 day extension, until July 13, 2006, for Legal Aid to work on this matter. Two days after this motion was filed, Greenberg Traurig sought to withdraw alleging that it only agreed to appear pro bono in this matter as part of its participation in Legal Aid's Put Something Back program and that it had appeared for the sole purpose of giving Legal Aid sufficient time to study the case and to secure a family lawyer to represent mother and son on a pro bono basis. An extension of time through July 13 was granted, and Greenberg Traurig was permitted to withdraw.
On July 12, 2006, the son filed a pro se motion for extension of time to permit Legal Aid to continue in its efforts to locate a family lawyer for him. On September 8, the father's estate moved for dismissal with prejudice for failure to amend. Mother and son were ordered to file an amended pleading no later than October 16, 2006 on penalty of dismissal with prejudice.
On October 16, 2006, the son filed another pro se motion for extension of time to amend. He also filed a pro se motion for leave to amend and accompanied that request with a third amended petition. This proposed pro se amendment properly named the estate as a party and also named the mother as a respondent instead of as a petitioner as previously ordered. The motions for an extension of time and for leave to amend were, however, denied and the action dismissed with prejudice for failure to timely file an amended petition.
We reverse the order of dismissal with prejudice and remand for reinstatement of this action, because mother and son complied with the trial court's order by filing an amended petition, albeit along with an unnecessary motion for leave to amend, by October 16. Since there was no violation of a court order, no sanction should have been imposed.
Even if the motion for leave to amend with its attachment were viewed as a violation of the trial court's earlier order, dismissal of the instant action with prejudice would be too drastic a sanction. While a trial court may, without doubt, dismiss an action as a sanction for violation of a court order, it should do so "only in extreme circumstances." Clay v. City of Margate, 546 So.2d 434, 435 (Fla. 4th DCA 1989); see Fla. R. Civ. P. 1.420(b) ("Any party may move for dismissal of an action . . . for failure of an adverse party to comply with these rules or any order of court."); Kozel v. Ostendorf, 629 So.2d 817, 817 (Fla.1994) (noting that "the trial court has the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment"); Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 500 (Fla. 4th DCA 2001) (finding that rule 1.420(b) permits dismissal of an action as a sanction for "failure to comply with orders of the court to amend a complaint to state a cause of action"). As the Florida Supreme Court in Kozel made clear, where missed filing deadlines are concerned, dismissal with prejudice should not be imposed as a sanction unless the lawyer or party has acted in a willful, deliberate, or contumacious manner rather than negligently or from inexperience; a previous sanction has been imposed; a party has been personally involved in an act of disobedience; the delay has prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; no reasonable justification for noncompliance exists; and, the delay has created significant problems of judicial administration. Kozel, 629 So.2d at 818.
In this case none of these factors were either found by the trial court (or for that matter appear) to exist. Dismissal with prejudice was, therefore, unwarranted. See Cummings v. Warren Henry Motors, *802 Inc., 648 So.2d 1230, 1232 (Fla. 4th DCA 1995) (finding that "dismissal of an action as a sanction for violating an order of the court is error where the court fails to make an express written finding of a party's willful or deliberate refusal to obey a court order"); see Samuels, 782 So.2d at 500 (providing "dismissal as a sanction under Rule 1.420(b) is erroneous where the trial court fails to make an express written finding of a party's willful refusal to obey the court order or contumacious disregard of the court's order").
That is especially so in this case because, as conceded at oral argument, at minimum a viable claim for support for that period of time spanning the filing of the counter petition (November 2, 2001) and the father's death (May 30, 2004) exists. See Samuels, 782 So.2d at 500 (dismissal with prejudice improper where "the Plaintiffs either did state causes of action or could, with some amendment, state causes of action"); Cummings, 648 So.2d at 1232 (stating that "dismissal of the complaint as a sanction for violating the court's order to amend the complaint is additionally erroneous when the complaint filed states a cause of action"); see also Dimick v. Ray, 774 So.2d 830, 833 (Fla. 4th DCA 2000) (reversing dismissal of second amended complaint as a sanction where no abuse of the amendment process had been shown and there was not a "virtual endless stream of amendments"). Accordingly, the order on appeal is reversed, and this matter is remanded for reinstatement and further proceedings consistent with this opinion.
NOTES
[1] This left Lance with a support claim for a total of only 31 months.
[2] Although an order pre-dating the first appeal in this case stated that mother and son could seek temporary support and attorneys' fees from the father (who from the record appears to have held both J.D. and M.D. degrees and to have been of substantial means), there is no indication that any temporary support or fee awards have ever been entered.