WARNER, J.
Luis and Rita Alsina appeal from the dismissal of their complaint as a sanction for their attorney’s willful failure to comply with a court order. Because the trial court failed to consider all of the Kozel factors in ordering dismissal, we reverse.
The Alsinas filed a complaint in April 2007 against appellees, the Gonzalezes, for adverse possession and injunctive relief involving a boundary dispute between their two properties. In response, the Gonza-lezes asserted counterclaims for slander of title and statutory violation of the building *964 code. Thereafter, the case was noticed for trial, and calendar call was scheduled for April 9, 2009. The Alsinas’ counsel did not appear at the calendar call but was reached by the presiding judge by telephone. The calendar call was rescheduled for October 9, 2009. At that calendar call the Alsinas’ counsel again failed to appear. Counsel contends that he mistakenly believed that the Gonzalezes’ counsel had agreed to ask for a joint continuance.
A calendar call was again rescheduled to March 12, 2010. Once again, the Alsinas’ counsel failed to appear. This time the Gonzalezes made an ore tenus motion to strike the Alsinas’ pleadings, which the trial court granted as a sanction for their counsel’s willful failure to comply with the court’s order requiring attendance at the calendar call. The court also awarded some attorney’s fees to the Gonzalezes for their attorney’s time at the calendar call.
The Alsinas’ attorney immediately filed a motion to set aside the dismissal, arguing that his conduct was not willful but was the result of miscommunication and calendaring errors. He also said that his errors were not the fault of his clients and a less drastic sanction was warranted. After an unrecorded, non-evidentiary hearing, the trial court denied the motion. In its order, the court recited the positions of the parties with respect to the reasons that the calendar calls were missed, the Alsinas’ attorney claiming that they were the result of mistake, and the Gonzalezes’ attorney refuting his explanation. The court found that the Alsinas’ attorney’s explanation was unsupported by the facts. Finding “[flt was well within the Court’s discretion to strike Plaintiffs’ pleadings due to Plaintiffs’ counsel willful, repeated, and persistent violation of the Court’s orders and procedures,” the court denied the motion to set aside the dismissal.
The Gonzalezes thereafter moved for summary judgment on their counterclaims, arguing that because the Alsinas’ pleadings had all been stricken, that included their defense to the counterclaims. The court entered summary judgment, and the Alsinas appeal, claiming that the court erred in striking their pleadings.
While dismissal of a complaint for non-compliance with a court order is subject to an abuse of discretion standard of review, Erdman v. Bloch, 65 So.3d 62, 65 (Fla. 5th DCA 2011) (citing Bank One, N.A. v. Harrod, 873 So.2d 519, 520 (Fla. 4th DCA 2004)), failure to apply the standards for the sanction of dismissal set forth in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), is in itself a basis for reversal and remand for application of those standards. Ham v. Dunmire, 891 So.2d 492, 500 (Fla.2004).
In Kozel, the Florida Supreme Court explained that dismissal with prejudice for the failure of the party’s attorney to comply with court orders or deadlines may punish the litigant, rather than the counsel who had been derelict. A fíne, public reprimand, or contempt order might be an appropriate sanction in those situations where the attorney, not the client, was responsible for the error. The court adopted six factors to be considered:
1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
629 So.2d at 818. The court remanded with directions that the trial court consider those factors.
*965 The court further clarified the application of the Kozel factors in Ham where a trial judge had dismissed a plaintiffs action for willful noncompliance with two court orders. However, prior to the dismissal no previous sanctions had been imposed, nor was there client involvement in the attorney’s failure to obey the court’s orders. Resolving a split in district court opinions, Ham held that litigant involvement in the sanctionable conduct was not the exclusive factor but just one factor that the court must consider in imposing the ultimate sanction of dismissal. Thus, “there may be circumstances involving such misbehavior by counsel in which dismissal is appropriate even absent the litigant’s involvement in an attorney’s misconduct _” 891 So.2d at 498.
Nevertheless, Ham also explained:
[T]he sanction of dismissal in all cases must be a reasonable response to the discovery infractions committed. Although a trial court “unquestionably has power to discipline counsel” for violating court orders, an action should not be dismissed when the malfeasance can be adequately addressed through the imposition of a contempt citation or lesser degree of punishment directly on counsel.
Id. (citation omitted). Consideration of the Kozel factors provides the framework for achieving the balance of the severity of the sanction and its impact on the litigants. Where the trial court does not consider all of the factors, remand for consideration is required. Id. at 500.
The trial court’s original order in this case striking all of the Alsinas’ pleadings was done without any consideration of Ko-zel and without any hearing, and merely after the oral motion to strike was made at calendar call. While the court held a second hearing after the Alsinas moved to vacate the order, neither the original order nor the order denying the motion to strike referred to any consideration of any Kozel factor other than the attorney’s willful noncompliance.
The Gonzalezes argue that an affir-mance is required because the Alsinas have not provided a transcript of the hearing where those factors may have been considered. We disagree that a transcript is necessary where the order is devoid of any consideration of the factors. In fact, no transcript of the sanction hearing was available in Ham, and the order contained language finding willful conduct. Despite this, the supreme court still remanded for the trial court to conduct a Kozel analysis. We conclude that based upon Ham reversal is required for the court to conduct the proper analysis and to make appropriate findings. See also Bennett v. Tenet St. Mary’s, Inc., 67 So.3d 422 (Fla. 4th DCA 2011); Smith v. City of Panama City, 951 So.2d 959 (Fla. 1st DCA 2007).

Reversed and remanded for proceedings in accordance with this opinion.

STEVENSON and CONNER, JJ„ concur.