# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-1015 & 3D13-691
Lower Tribunal No. 09-40588

_____

**Deutsche Bank National Trust Company, etc.,**
Appellant,

vs.

**Adriana Avila-Gonzalez, et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Jennifer D. Bailey, Judge.

Bryan Cave LLP, and William Bard Brockman and Damon J. Whitaker (Atlanta), for appellant.

Wasson & Associates, Chartered, and Annabel C. Majewski; Wald Castillo & Wald, P.A., and Jennifer P. Wald, for appellees.


Before SALTER, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-5, seeks review of the trial court's order which dismissed its foreclosure action with prejudice and canceled the underlying mortgage and note as a sanction. We reverse.

The Bank filed a foreclosure action against Adriana Avila-Gonzalez ("Borrower") on May 26, 2009, following nonpayment and default on their note and mortgage. The problems in this case arise from the Bank's astounding negligence in repeatedly insisting the note was lost when, in fact, its servicing agent had possession all along.

The Bank pled a count for reestablishment of the allegedly lost note. It filed two separate affidavits asserting that the note was lost, although it did not prevail in any motion based on these affidavits. It answered discovery attesting the note was lost. The Borrower was put to the expense of propounding extensive discovery regarding the purported lost note, obtaining orders compelling discovery, and attempting to develop what she assumed was the viable, if speculative, defense that the Bank lacked standing. In December 2011, however, the Bank finally realized that the note was not lost and that its servicing agent had custody of the note from the inception of the lawsuit. The Bank served responses to discovery revealing this development.

2

Frustrated at this reversal in the Bank's position on such a simple fact central to the lawsuit, the trial court issued an order to show cause why the action should not be dismissed for fraud upon the court. The court focused on the Bank's failure to amend the complaint and withdraw its two affidavits attesting the note was lost. In response, the Bank moved to amend and drop the lost note count. Meanwhile, although apparently both parties assumed that the case was removed from a pending trial calendar, the case went to trial. When neither party appeared for trial, the trial court dismissed the action without prejudice.

The court nevertheless proceeded to conduct the hearing to show cause. There is no transcript from the hearing. However, the trial court's extensive and detailed factual findings demonstrate that testimony from the Bank's servicer established that the note had been in the servicer's vault before the complaint was filed. The trial court, on October 3, 2012, set aside its prior order dismissing the case without prejudice and instead entered an order which dismissed the case with prejudice and cancelled the note and mortgage ("Dismissal Order"). The Bank then moved to vacate the Dismissal Order and for rehearing of the motion to compel. After further briefing and an additional hearing, the trial court denied the motions. This appeal followed.

Given the facts of this case, the reasons for the trial court's frustration with the Bank are readily apparent and understandable. The Bank caused unnecessary

3

litigation over an issue, which, had it exercised a minimum amount of diligence, would not only have streamlined the course of the litigation, but would have also, ironically, strengthened its case. Instead, what followed was a flurry of inconsistent discovery responses and allegations which wasted the time of the court and opposing counsel.

Nevertheless, the Bank's negligence first and foremost prejudiced the Bank itself. The Bank's actions in claiming the note was lost, when its servicing agent had the note all along, may have given the Borrower false hope of the non-existent defense of standing, but it did not prejudice the Borrower's case so much as it prejudiced the Bank's own case. A party's negligence that undermines the party's own case may be maddeningly foolish; it may test the limits of the best trial judge's patience; but it does not rise to a fraud upon the court. When such negligence causes the opposing side to incur unnecessary attorney's fees, the proper and normal remedy for that injury is a compensating award of attorney's fees, not a lottery-like windfall to a party like the cancellation of the note and mortgage. The Bank's negligence, by the way, has allowed the Borrower to continue to occupy the property without paying rent for approximately six years, so far. We could find no authority justifying the cancellation of the note and mortgage in these circumstances; the trial court's order and the Borrower cite to none. The cancellation of the note and mortgage was excessive.

As to the dismissal of the action, the Florida Supreme Court has laid out the factors which must be addressed by a trial court should it determine that dismissal with prejudice is an appropriate sanction. As this Court stated in Toll v. Korge,

> The Supreme Court has articulated a six-factor analysis to determine whether a dismissal with prejudice is an appropriate sanction due to an attorney's behavior:
>
>> 1) Whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;
>>
>> 2) Whether the attorney has been previously sanctioned;
>>
>> 3) Whether the client was personally involved in the act of disobedience;
>>
>> 4) Whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;
>>
>> 5) Whether the attorney offered reasonable justification for noncompliance; and
>>
>> 6) Whether the delay created significant problems of judicial administration.

127 So. 3d 883, 887 (Fla. 3d DCA 2013) (citing Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993)). This Court has also recognized that such findings must be included in the trial court's order. Deutsche Bank Nat'l Trust v. Cagigas, 85 So. 3d 1181, 1182 (Fla. 3d DCA 2012) ("If, on remand, the trial court determines, after considering the Kozel factors, that dismissal is appropriate the trial court shall include in its written order findings of fact with respect to each factor.").

5

The Borrower argues that Kozel and its progeny are inapplicable because the trial court's findings focus on the Bank's conduct as opposed to that of counsel. The law supports this argument. See Levine v. Del Am. Props., Inc., 642 So. 2d 32, 34 (Fla. 5th DCA 1994) (affirming dismissal and finding Kozel inapplicable where the litigant's conduct, particularly the refusal to appear at depositions despite the court's order, was the basis for the sanction).[1] However, the facts do not.

The offending actions, as identified by the lengthy Dismissal Order, are those of the lawyer, not the Bank. For example, the trial court takes great issue with the fact that "[f]rom February 24, 2012 to July 30, 2012, Plaintiff refused to provide any documents or provide any explanation for the Note's sudden reappearance as requested in the Borrower's discovery and mandated by this Court's order. Throughout this time, Plaintiff did not amend its Complaint to dismiss the lost note count and did not rescind its Affidavits of Lost Note."[2] This finding indicates that the lawyer, not the client, was at fault because amending the complaint and withdrawing affidavits are actions of counsel. The same goes for the trial court's findings that the "Plaintiff" filed "frivolous objections" at various

---

[1] See Ledo v. Seavie Res., LLC, 149 So. 3d 707, 710 (Fla. 3d DCA 2014); see also Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983) (predating Kozel, but standing for proposition that litigant's conduct can support extreme sanctions).

[2] The Bank's February 24, 2012 responses to the Borrower's notice to produce at trial specifically stated "Not applicable as the Note is not lost," as one of its responses. However, a motion for leave to amend the complaint was not filed until August 8, 2012.

points in the discovery process. Objections are generally filed by counsel, not the litigant.

The trial court also states that "[i]n complete disregard of [the trial] court's May 14, 2012 and May 21, 2012 Orders, Plaintiff utterly failed to respond to [Borrower's] Request for Production Numbers 10 through 21. . . ." In the record, there is a copy of an e-mail from the Bank's counsel to the Borrower's counsel attaching the missing responses and acknowledging that counsel had inadvertently omitted the responses to numbers 10-21 when she originally prepared the responses to the request for production. The e-mail is dated July 31, 2012, the day after the July 30, 2012 hearing on the motion to compel discovery. Again, in this instance, the omission that was the focus of the court's ire was that of counsel, not the Bank. Additionally, the trial court makes several findings with respect to the Bank's tracking record which was never produced, but "would have been a crucial document for the Defense." Again, the trial court cites to how the "Plaintiff asserted that the tracking record was subject to privilege," and "Plaintiff was unable to identify any privilege attached to the record," and that "no privilege log was ever filed with any of the Plaintiff [sic] response to discovery." These findings also indicate that the fault lay with the lawyer, because counsel makes objections and files a privilege log.

Based upon the foregoing, we reverse the portion of the trial court's Dismissal Order cancelling the note and the mortgage and remand with instructions that the trial court reinstitute both. We also reverse the dismissal with prejudice and remand for consideration of matters consistent with this opinion including, but not limited to, an award of attorney's fees to the Borrower.

Reversed and remanded.