# Third District Court of Appeal

## State of Florida

Opinion filed November 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2884
Lower Tribunal No. 15-174-M

_____

**Deutsche Bank National Trust Company, As Indenture Trustee Under The Indenture Relating To IHM Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-7,**

Appellant,

vs.

**Sombrero Beach Road, LLC, A Florida Limited Liability Company, et al.,**

Appellees.

An Appeal from the Circuit Court for Monroe County, Ruth L. Becker, Judge.

Blank Rome LLP, Anthony R. Yanez and Nicole R. Topper (Fort Lauderdale), for appellant.

Oppenheim & Pilelsky, Yanina Zilberman, Roy D. Oppenheim, Geoffrey E. Sherman and Jacquelyn Trask (Weston), for appellees.

Before, SUAREZ, SCALES, and LUCK, JJ.

PER CURIAM.

Deustche Bank National Trust Company, as Indenture Trustee under the Indenture Relating to IHM Assets Corp., Collateralized Asset Backed Bonds, Series 2004-7 ("Deutsche Bank"), the plaintiff below, appeals a final order dismissing with prejudice its foreclosure action for Deutsche Bank's alleged repeated failure to comply with unspecified trial court orders. We reverse and remand for the trial court to hold an evidentiary hearing to apply the factors espoused in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993) (requiring the trial court to conduct a six-factor analysis when determining whether dismissal with prejudice is an appropriate sanction for the misconduct of trial counsel).

## I.  RELEVANT FACTS AND PROCEDURAL BACKGROUND

In June 2015, Deutsche Bank filed the instant action to foreclose on a residential mortgage encumbering real property located in Monroe County. In June 2016, the appellees, defendants below, filed their answer and affirmative defenses to the complaint.

On August 1, 2016, the trial court entered an order ("the Trial Order") setting the case for trial in November 2016, and also scheduling a pre-trial conference before a special master on September 15, 2016. The Trial Order specified that both the trial attorneys and the parties were required to attend the pre-trial conference, the failure of which could result in dismissal of the action.[1]

---

[1] See Fla. R. Civ. P. 1.200(c) ("20 days' notice must be given for a pretrial conference. On failure of a party to attend a conference, the court may dismiss the

Neither a representative from Deutsche Bank, nor Deutsche Bank's trial counsel, attended the September 15, 2016 pre-trial conference. Consequently, the special master entered a report and recommendation recommending that Deutsche Bank's complaint be dismissed for its failure to appear at the pre-trial conference.

On September 20, 2016, Deutsche Bank filed an exception to the special master's recommendation of dismissal, attaching an affidavit of the Hearings Department Supervisor from the law firm that represented Deutsche Bank in the lower proceedings. In the affidavit, the Hearings Department Supervisor attested that the law firm had received the Trial Order on August 2, 2016, but that "the Pre-trial Conference cited within the Order and scheduled for September 15, 2016, was never placed on the . . . Attorney Hearing Calendar nor was the Plaintiff itself notified that it was required to appear at said hearing, due to my department's failure to enter that information into the internal case management system."

On September 26, 2016, the appellees filed their response in opposition to Deutsche Bank's exceptions to the special master's recommendation of dismissal.

action, strike the pleadings, limit proof of witnesses, or take any other appropriate action."); U.S. Bank Nat'l Ass'n v. Martinez, 188 So. 3d 107, 108 (Fla. 5th DCA 2016) (recognizing that in order to dismiss an action under rule 1.200(c) for failure to attend a pre-trial conference, "the trial court must explicitly find that the party's actions were willful, flagrant, deliberate, or otherwise aggravated"); Insua v. World Wide Air, Inc., 582 So. 2d 102, 103-04 (Fla. 2d DCA 1991) (finding that, in order to impose sanctions under rule 1.200(c) for failure to attend a pre-trial conference, the party "should be given notice and an opportunity to appear before the trial court to explain the violation or present any evidence in mitigation").

Therein, the appellees alleged additional grounds for the trial court to dismiss the action beyond Deutsche Bank and its trial counsel's failure to attend the September 15, 2016 pre-trial conference. Specifically, the appellees alleged, among other things, that: (i) Deutsche Bank and its current trial counsel had failed to comply with various requirements set forth in a March 7, 2016 scheduling order in this case; and (ii) in a *prior* action to foreclose the same mortgage before a *different* trial judge, Deutsche Bank and its *prior* counsel had similarly failed to comply with the various requirements set forth in a scheduling order resulting in the prior action ultimately being dismissed without prejudice.

On November 2, 2016, without conducting a hearing on Deutsche Bank's exceptions or the appellees' response, the trial court entered an order ratifying and approving the special master's recommendation that the instant foreclosure action be dismissed, for failure to attend the September 15, 2016 pre-trial conference. Immediately thereafter on that same day, and also without holding a hearing, the trial court then entered a separate order giving additional grounds for the lower court's dismissal of this action. In this second order, the trial court explained that, while it normally would not dismiss a case with prejudice for failure to attend a pre-trial conference, repeated violations of court orders in both the instant foreclosure action and the prior foreclosure action warrant the extreme sanction:

4

[T]he Plaintiff[2] admits that it received a notice setting the cause for a pre-trial conference, and a trial date. Due to secretarial error, the Plaintiff failed to appear for both.

In support of this motion, the Plaintiff correctly points out that Florida Courts are loath to dismiss cases, preferring to decide them on the merits. It correctly cites numerous cases supporting that salutary policy.

Had this secretarial error existed in a vacuum, the Court would not hesitate in reinstating the case to the calendar. However, that is not the case here. This is the second foreclosure action on the same mortgage. The first was dismissed, without prejudice, for failing to abide by court orders. In this action, the Plaintiff has followed the pattern set in the first. The Plaintiff has repeatedly failed to comply with Court orders. Should the Court dismiss without prejudice or return the case to the trial calendar, how could it be assured that the pattern will not be repeated? Clearly, it cannot.

On November 7, 2016, the trial court entered a final order of dismissal with prejudice. That same day, Deutsche Bank moved for rehearing, arguing that the trial court had failed both to: (i) provide Deutsche Bank with an evidentiary hearing, and (ii) engage in the six-factor analysis to determine whether a dismissal with prejudice was an appropriate sanction for the errant conduct of Deutsche Bank's trial counsel. See Kozel, 629 So. 2d at 818. The trial court denied the motion for rehearing, and Deutsche Bank appealed.

## II.    ANALYSIS[3]

---

[2] Throughout the second order, the trial court uses the term "the Plaintiff" and does not differentiate between those actions and omissions of Deutsche Bank warranting sanctions, and those actions and omissions of Deutsche Bank's counsel that would warrant sanctions.

[3] "While dismissal of a complaint for non-compliance with a court order is subject

Dismissing an action with prejudice as a sanction for failing to comply with multiple court orders is "the most severe of all sanctions which should be employed only in extreme circumstances." Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004) (quoting Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983)). "While no 'magic words' are required, the trial court must make a 'finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.'" Id. at 496 (quoting Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So. 2d 1271, 1273 (Fla. 1990)).

To ensure that a party is not overly punished for the errors of the party's trial counsel, the Florida Supreme Court has articulated a six-factor test that the trial court must consider when determining whether dismissal with prejudice is warranted due to counsel's errant conduct:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

---

to an abuse of discretion standard of review, failure to apply the standards for the sanction of dismissal set forth in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), is in itself a basis for reversal and remand for application of those standards." Alsina v. Gonzalez, 83 So. 3d 962, 964 (Fla. 4th DCA 2012) (citations omitted).

6

<u>Kozel</u>, 629 So.2d at 818. In conducting this analysis, the trial court "must make express findings of fact concerning each of the <u>Kozel</u> factors." <u>Deutsche Bank Nat'l Trust Co. v. Cagigas</u>, 85 So. 3d 1181, 1182 (Fla. 3d DCA 2012); <u>see also Deutsche Bank Nat'l Trust Co. v. Avila-Gonzalez</u>, 164 So. 3d 90, 93 (Fla. 3d DCA 2015) ("This Court has also recognized that [<u>Kozel</u>] findings must be included in the trial court's order."). This generally requires the trial court to conduct an evidentiary hearing. <u>See</u> <u>Chappelle v. S. Fla. Guardianship Program, Inc.</u>, 169 So. 3d 291, 293 (Fla. 4th DCA 2015); <u>Celebrity Cruises, Inc. v. Fernandes</u>, 149 So. 3d 744, 752 (Fla. 3d DCA 2014); <u>Toll v. Korge</u>, 127 So. 3d 883, 887-88 (Fla. 3d DCA 2013).

In this appeal, the appellees argue that the trial court was not required to conduct the <u>Kozel</u> analysis, claiming that, on this record, it is apparent that Deutsch Bank itself, rather than Deutsche Bank's trial counsel, was guilty of the misconduct cited by the trial court. <u>See</u> <u>Avila-Gonzalez</u>, 164 So. 3d at 93 ("The Borrower argues that <u>Kozel</u> and its progeny are inapplicable because the trial court's findings focus on the Bank's conduct as opposed to that of counsel. The law supports this argument."); <u>Ledo v. Seavie Resources, LLC</u>, 149 So. 3d 707, 710 (Fla. 3d DCA 2014) ("Since Ledo was sanctioned for his own failures to comply with court orders while he was acting *pro se*, <u>Kozel</u> has no application here."). We disagree. In this case, it *appears* the trial court's orders approving the

special master's recommendation of dismissal found that Deutsche Bank's counsel was responsible for the misconduct at issue here. We remand to allow the trial court to conduct an evidentiary hearing and ultimately make the determination using the Kozel factors, as to whether dismissal is an appropriate sanction.[4]

While this Court certainly appreciates the trial court's frustration with the careless conduct evidenced in these cases, on this record we are unable to conclude that Deutsche Bank (the party) was solely responsible for violating the orders resulting in the challenged final order of dismissal.

### III. Conclusion

Because the trial court dismissed the instant action without conducting the required Kozel analysis, we vacate the final order of dismissal and remand for an evidentiary hearing to allow the trial court to consider the Kozel factors. See Toll, 127 So. 3d at 888; Cagigas, 85 So. 3d at 1181; Alsina, 83 So. 3d at 964. Should the trial court determine that sanctions, including dismissal with prejudice, are appropriate, the trial court shall include in its written order findings of fact with respect to each Kozel factor, and also individualized findings with regards to the

---

[4] The trial court found that "Plaintiff has repeatedly failed to comply with Court orders" in the two foreclosure actions, but did not identify the specific orders and directives that were not followed. While our view of the record reflects that the lower court likely relied upon the various trial court orders cited in the appellees' response in opposition to Deutsche Bank's exceptions to the special master's recommendation of dismissal, if, on remand, the trial court relies upon failure to comply with orders as a basis for sanctions, such orders should be identified with specificity.

conduct of those individuals the lower court intends to sanction.[5] See Toll, 127 So.

3d at 888; Cagigas, 85 So. 3d at 1181.

Reversed and remanded with instructions.

**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS.  A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS THEREAFTER.**

---

[5] We express no opinion as to whether Deutsche Bank or its counsel violated any order of the lower court.  See Pixton v. Williams Scotsman, Inc., 924 So. 2d 37, 40 (Fla. 5th DCA 2006) ("[A]n evidentiary hearing is mandated to determine the clients' involvement or complicity in the attorney's conduct."); see also Toll, 127 So. 3d at 887 ("The trial court failed to hold an evidentiary hearing and failed to make the necessary findings under Kozel, rendering it impossible to determine whether the Defendants' collective dilatory conduct was personally attributable to Toll, to another defendant, or to Toll's counsel.").