# Third District Court of Appeal
## State of Florida

Opinion filed March 15, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-2311
Lower Tribunal No. 17-9735

————————

## The First Baptist Church of Greater Miami,
Appellant,

vs.

## Miami Baptist Association, Inc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Pierre Simon, LLC, and Faudlin Pierre (Fort Lauderdale), for appellant.

Isicoff Ragatz, and Eric D. Isicoff and Matthew L. Lines, for appellee Miami Baptist Association, Inc.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

The First Baptist Church of Greater Miami (First Baptist) appeals a final order dismissing with prejudice its action against Miami Baptist Association, Inc. (the Association), as an ultimate sanction for discovery misconduct, including its failure to comply with a prior agreed order on discovery.[1] We reverse and remand for the trial court to conduct an evidentiary hearing to the extent necessary to analyze and make express findings regarding each of the six factors set forth in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993), before determining whether to impose the ultimate sanction of dismissal with prejudice.

Courts have repeatedly recognized that dismissal of a claim for failure to comply with discovery orders "is the most severe of all sanctions which should be employed only in extreme circumstances." Sukonik v. Wallack, 178 So. 3d 455, 457 (Fla. 3d DCA 2015) (quoting Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983)); Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004). And while such a sanction may be justified where the party shows "deliberate and contumacious disregard of the court's authority" or "willful disregard or gross indifference to an order of the court," Sukonik, 178 So. 3d at 457, a trial court must find that the noncompliant party "willfully or deliberately

---

[1] First Baptist also appeals an order imposing sanctions, and subsequent order awarding attorney's fees, for failure to comply with a court-ordered deposition. We affirm these two orders without further discussion.

2

disregarded the court's direction." Id. To that end, and to ensure that the client is not disproportionately punished for the conduct of the attorney, the Florida Supreme Court established a set of six factors a trial court must consider before dismissing a case with prejudice as a sanction:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

Deutsche Bank Nat'l Tr. Co. v. Sombrero Beach Rd., LLC, 260 So. 3d 424, 428 (Fla. 3d DCA 2018) (quoting Kozel, 629 So. 2d at 818). "Consideration of these factors provides the framework for achieving a balance between the severity of the sanction and its impact on the litigants." Portofino Pro. Ctr. v. Prime Homes at Portofino, 133 So. 3d 1112, 1114 (Fla. 3d DCA 2014).

Importantly, the trial court "must make express findings of fact" as to each factor. Sombrero Beach Rd., LLC, 260 So. 3d at 428 (quoting Deutsche Bank Nat'l Trust Co. v. Cagigas, 85 So. 3d 1181, 1182 (Fla. 3d DCA 2012)). See also Deutsche Bank Nat'l Trust Co. v. Avila-Gonzalez, 164 So. 3d 90, 93 (Fla. 3d DCA 2015) ("This Court has also recognized that [Kozel] findings must be included in the trial court's order.") The need to

3

analyze, and make express findings of fact regarding, each of the Kozel factors "generally requires the trial court to conduct an evidentiary hearing." Sombrero Beach Rd., LLC, 260 So. 3d at 428.

In the instant case, the motion filed by the Association sought dismissal of First Baptist's lawsuit, alleging continued violation of the trial court's discovery orders. However, the motion did not cite to or address the Kozel factors which must be considered by the trial court before imposing the requested sanction of dismissal of the lawsuit. First Baptist's response to the motion addressed the need to undertake the requisite Kozel analysis, and noted that the Association's motion failed to do so.

The trial court held a nonevidentiary hearing on the Association's motion for dismissal, during which both sides presented argument to the court.[2] The Association did not argue each of the Kozel factors. Following this nonevidentiary hearing, the trial court's oral pronouncement did not include the requisite analysis or express findings of fact related to the Kozel factors, announcing only:

> So I do believe -- I do find that Mr. Lines' motion is well taken,
> that, you know, it has reached a critical point where enough is

[2] Although sanctions orders had previously been entered on discovery-related issues, those hearings were held, and orders entered, by a predecessor judge. The nonevidentiary hearing on the Association's motion for dismissal was the first (and only) hearing held by the successor judge, who rendered the order of dismissal with prejudice.

4

enough, and it's gone beyond a mere technicality. It's almost to the point of, you know, you flouting the Court's order, honestly. So I'm going to grant this motion for sanctions, and I am going to grant the ultimate sanction which is I will dismiss this action.

This fails to meet the requirements of Kozel.  And though it is true that the trial court entered a written order of dismissal with prejudice, it was submitted by the Association's counsel, unsolicited by the court, and addressed only five of the six Kozel factors, failing to address "whether the client was personally involved in the act of disobedience." Kozel, 629 So. 2d at 818.

In analyzing whether  dismissal of a lawsuit with prejudice is warranted based on such discovery misconduct, it is critically important for the trial court to differentiate between the actions of the client and the actions of counsel, and to make findings of fact regarding the corresponding conduct of each. See Kozel, 629 So. 2d at 818 ("The purpose of the Florida Rules of Civil Procedure is to encourage the orderly movement of litigation. Fla. R. Civ. Pro. 1.010. This purpose usually can be accomplished by imposition of a sanction that is less harsh than dismissal and *that is directed toward the person responsible for the [delay]*") (emphasis added). As the Kozel Court noted, a "fine, public reprimand, or contempt order may often be the appropriate sanction to impose on an attorney *in those situations where the*

5

*attorney, and not the client, is responsible for the error.*" Id. (emphasis added).

The Association's own counsel raised this point during the nonevidentiary hearing, while nevertheless seeking to persuade the trial court that no evidentiary hearing on this issue was necessary:

> There's got to be some limit to bad-faith conduct. There's no good faith here, and that's why it's perfectly appropriate for you to do the ultimate sanctions. **If Your Honor is at all unsure, a little bit unsure about that, then order an evidentiary hearing. Let's bring the pastor in here to explain why all of this conduct is occurring. You can decide whether it's attorney-driven or client driven. If you want to go that route, we can.** We can waste more money with this thing, but you don't need to. You have a sufficient record here that will be upheld every single day of the week. There's been sufficient game playing. Discovery is not a game. This is in bad faith It's very clearly in bad faith, and you have every right and, I think, responsibility to end this now.

(Emphasis added).

We express no opinion on the nature and extent of the alleged misconduct, nor whether such misconduct justifies the ultimate sanction of dismissal with prejudice. Our holding here is that the trial court failed to comply with the requirements of Kozel and its progeny, and that absent such compliance, reversal of the order of dismissal with prejudice is required. We vacate the order of dismissal with prejudice and remand for further

6

proceedings consistent with this opinion. We affirm the remaining orders on appeal.[3]

---

[3] In light of our remand for further proceedings, we raise one additional issue. The day following the hearing, the Association's counsel sent a six-page order containing findings of fact purporting to address five of the six Kozel factors. The trial court signed that order two hours after counsel sent it—as proposed, without addition, deletion or correction. While a trial court's verbatim adoption of a proposed order does not by itself constitute reversible error, see, e.g., Certain Underwriters at Lloyd's London v. Candelaria, 339 So. 3d 463 (Fla. 3d DCA 2022); Kendall Healthcare Grp., Ltd. v. Madrigal, 271 So. 3d 1120 (Fla. 3d DCA 2020), a party's proposed order "cannot substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge." Perlow v. Berg-Perlow, 875 So. 2d 383, 390 (Fla. 2004). The circumstances presented here merits reaffirming the need for a trial court's order to reflect its thoughtful and independent analysis of the facts, issues, and law, especially where a trial court is affirmatively required to address the Kozel factors and make express findings of fact as to each before imposing the ultimate sanction of dismissal with prejudice.

Moreover, to the extent that a trial court directs one party to prepare a proposed order, the opposing party must be given a meaningful opportunity to comment or object prior to entry of the order. (Counsel for the Association emailed its proposed order to counsel for First Baptist, advising First Baptist it had a four-hour window within which to offer suggested revisions before the proposed order would be forwarded to the trial judge.) And, finally, as observed by the Florida Supreme Court, "the better practice would be for the judge to make some pronouncements on the record of his or her findings and conclusions in order to give guidance for preparation of the final judgment." Perlow, 875 So. 2d at 390.