# Third District Court of Appeal
## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1496
Lower Tribunal No. 20-21901 CC
_____

**Reaction Rehab, LLC,**
Appellant,

vs.

**Maria Jose Fletcher, et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Luis Perez-Medina, Judge.

Law Office of Robert M. Abramson, P.L. and Robert M. Abramson (Orlando), for appellant.

Brodsky Fotiu-Wojtowicz, PLLC and Alaina Fotiu-Wojtowicz and Michael S. Olin, for appellees.

Before LOGUE, C.J., and MILLER and LOBREE, JJ.

PER CURIAM.

Reaction Rehab, LLC appeals a final order dismissing with prejudice

its action against Maria Jose Fletcher as an ultimate sanction for discovery misconduct, including its failure to fully comply with numerous court orders mandating complete responses to Fletcher's discovery requests. We reverse and remand for the trial court to conduct an evidentiary hearing to the extent necessary to analyze and make express findings regarding each of the six factors set forth in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993). However, the trial court may ultimately find the sanction of dismissal with prejudice is appropriate under the circumstances.

This case arises out of Fletcher's trip and fall accident in a shopping center. Because of her injuries, she attended physical therapy at Reaction Rehab. Ultimately, Reaction Rehab sued Fletcher for unpaid services. Fletcher answered and requested production of documents relevant to her treatments and affirmative defenses. Reaction Rehab failed to timely respond. Fletcher moved to compel Reaction Rehab's responses five times, all of which were granted by the trial court. Reaction Rehab was also monetarily sanctioned on two occasions. Further, the trial court warned it would consider dismissing Reaction Rehab's complaint as a sanction if there were any other delays or failures to comply with court orders that would impact scheduling the case for trial. While Reaction Rehab partially responded to Fletcher's requests, it failed to fully comply with the trial court's

2

orders. Reaction Rehab's last attempt to comply with the trial court's orders consisted of sending an unorganized package of hundreds of pages of documents to Fletcher. These documents were not Bates stamped, were not made part of the court record, and it was unclear which documents were responsive to which requests. Further, the trial court had mandated Reaction Rehab to indicate whether no documents existed for a request, if any, and the package of documents sent to Fletcher included no such indications. On Fletcher's fifth motion to compel and for sanctions to dismiss Reaction Rehab's case with prejudice, the trial court granted Fletcher's request to dismiss, finding Reaction Rehab acted in bad faith and intentionally prejudiced Fletcher in failing to provide complete discovery responses.

We review the trial court's decision to dismiss the complaint for an abuse of discretion. Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004). "The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard." Id. While courts have repeatedly recognized that dismissal of a claim for failure to comply with discovery orders "is the most severe of all sanctions which should be employed only in extreme circumstances," it may be justified where the party

3

shows "deliberate and contumacious disregard of the court's authority," or "willful disregard or gross indifference to an order of the court." Sukonik v. Wallack, 178 So. 3d 455, 457 (Fla. 3d DCA 2015) (quoting Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983)); accord Ham, 891 So. 2d at 495.

To ensure that such a severe sanction is warranted and that a client is not disproportionately punished for the conduct of its attorney, the Florida Supreme Court established six factors that a trial court must consider before dismissing a case with prejudice as a sanction. First Baptist Church of Greater Miami v. Miami Baptist Ass'n, Inc., 2023 WL 2506384, at *1 (Fla. 3d DCA Mar. 15, 2023) (citing Kozel, 629 So. 2d at 818). The Kozel factors are:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

629 So. 2d at 818. The trial court must make express findings of fact as to each factor. Deutsche Bank Nat'l Tr. Co. v. Sombrero Beach Rd., LLC, 260 So. 3d 424, 428 (Fla. 3d DCA 2018). The need to analyze and make express findings of fact regarding each of the Kozel factors generally requires the trial

4

court to conduct an evidentiary hearing. Id.

Our recent decision in First Baptist Church is instructive. 2023 WL 2506384 at *1. In that case, we reversed a trial court's entry of dismissal with prejudice for failure to comply with discovery orders, finding the trial court failed to meet the requirements of Kozel. Id. at *3. Specifically, the trial court held a non-evidentiary hearing on the movant's motion for dismissal, but the movant did not argue each of the Kozel factors and the trial court's oral pronouncement did not include the requisite analysis or express findings of fact related to the Kozel factors, though its written order of dismissal adopted from the movant's proposed order addressed five of the six factors. Id. at *2.

Here, while Fletcher's written motion to dismiss did refer to the Kozel factors, it did not specifically address each factor, instead concluding "each of the Kozel factors weigh in favor of dismissal" and specifically addressing only two of the factors. Further, the transcript of the trial court's non-evidentiary hearing, as well as the trial court's oral pronouncement, is devoid of any discussion of the Kozel factors, just as in First Baptist Church. 2023 WL 2506384, at *2. While the trial court's written order states "[t]he Court has further considered the factors set forth in [Kozel], and each factor weighs in favor of dismissal," it only included express findings regarding four of the

six factors, failing to address whether the client was personally involved in the disobedience and whether the delay created significant problems of judicial administration. As in First Baptist Church, the trial court's written order of dismissal addressing four of the factors is insufficient. Id. at *2-3.

In analyzing whether dismissal of a lawsuit with prejudice is warranted based on discovery misconduct, "it is critically important for the trial court to differentiate between the actions of the client and the actions of counsel, and to make findings of fact regarding the corresponding conduct of each." Id. at *2 (citing Kozel, 629 So. 2d at 818). Fletcher cites Ledo v. Seavie Resources, LLC, 149 So. 3d 707 (Fla. 3d DCA 2014), for the proposition that where a party is sanctioned for his own conduct, Kozel has no application, and argues that Reaction Rehab was sanctioned for its own conduct in this case. While the transcript of the hearing suggests Reaction Rehab may have been responsible for part of the discovery misconduct, the trial court's order contained no such express finding. Further, Fletcher misconstrues Ledo. In Ledo, this Court held that where a party is sanctioned for its own failures to comply with court orders while acting pro se, Kozel has no application. 149 So. 3d at 710. That is because where a party is acting pro se, there is no need for the trial court to distinguish a client's misconduct from that of its attorney.

6

We express no opinion on the nature and extent of the alleged discovery misconduct in this case, nor whether such misconduct justifies the ultimate sanction of dismissal with prejudice. Our holding here is that the trial court failed to comply with the requirements of <u>Kozel</u>, and that absent such compliance, reversal is required. <u>First Baptist Church</u>, 2023 WL 2506384, at *3. We vacate the order of dismissal with prejudice and remand for further proceedings consistent with this opinion.