# Third District Court of Appeal

## State of Florida

Opinion filed September 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1444
Lower Tribunal No. 18-2979
_____

**City of Miami,**
Appellant,

vs.

**Vilma Marcos,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Victoria Méndez, City Attorney, and Eric J. Eves, Senior Appellate Counsel, for appellant.

Florida Advocates, and Carlos D. Cabrera (Dania Beach), for appellee.

Before SCALES, HENDON and MILLER, JJ.

PER CURIAM.

Appellant City of Miami ("City"), the defendant below, appeals an April 29, 2022 "Order Striking Pleadings and Entering Default" ("default order") and a resulting August 8, 2022 final judgment in favor of appellee and plaintiff below, Vilma Marcos ("Marcos"). Because the trial court entered its default order without first complying with <u>Kozel v. Ostendorf</u>, 629 So. 2d 817 (Fla. 1993), we reverse and remand this matter to the trial court to conduct an evidentiary hearing and make the necessary findings for each of the six factors set forth in <u>Kozel</u>.

**I. Background**

In January 2018, Marcos sued City for injuries Marcos suffered after falling on a City sidewalk in April 2017. The trial court issued a series of calendar call orders, all of which required counsel to appear live and in person for the case's calendar call. In each of these orders, the trial court expressly provided that a failure to comply may result in stricken pleadings and default or dismissal.

Notwithstanding the language of the trial court's calendar call orders, City's counsel failed to personally appear at the April 29, 2022 calendar call and, on that date, the trial court, without conducting an evidentiary hearing, entered the default order as a sanction. The default order struck City's

pleadings and entered default against City. In the default order the trial court explained its rationale as follows:

> Pursuant to the Trial Order and this Court's Orders to Appear Live and in Person at the Calendar Call entered twice on April 6, 2022 . . . and April 18, 2022 . . . , all parties were to appear live for calendar call on April 29, 2022.
>
> Counsel for the Plaintiff Vilma Marcos appeared live at Calendar Call on April 29, 2022 and waited 50 minutes. Counsel for the Defendant City of Miami refused and failed to appear live at Calendar Call on April 29, 2022 instead suggesting through a communication with Plaintiff's Counsel that the defendant should be allowed to appear electronically.

On May 3, 2022, City moved to set aside the default and vacate the default order ("vacatur motion"). On May 6, 2022, the trial court conducted a hearing on City's vacatur motion. At the hearing, counsel for City presented several administrative and personal reasons why she was absent from the calendar call. The trial court orally denied City's motion, saying that City had exhibited a "callous disregard" of the trial court's orders that required counsel to appear live at the calendar call.[1]

Because the default order struck City's pleadings, resulting in a default, City's defense at trial was limited to challenging Marcos's damages; thus,

---

[1] We have not been provided a written order denying City's vacatur motion, and it appears the order was not reduced to writing. In its initial brief, City does not appear to be challenging the trial court's denial of its vacatur motion. In any event, our reversal of the default order renders moot any further discussion of City's vacatur motion and the trial court's adjudication of same.

City was unable to defend against Marcos' liability allegations. At trial, the jury awarded damages to Marcos in the amount of $51,100.68. The trial court entered the challenged final judgment for Marcos on the jury verdict, and City appeals this final judgment as well as the default order which precipitated it.

**II. Analysis**

In the seminal case of <u>Kozel</u>, the Florida Supreme Court articulated a six-factor test that a trial court must employ before striking a party's pleadings as a sanction for attorney misconduct:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

<u>Kozel</u>, 629 So. 2d at 818.

Because the trial court must make express findings as to each of these six factors, <u>Deutsche Bank National Trust Co. v. Sombrero Beach Road, LLC</u>, 260 So. 3d 424, 428 (Fla. 3d DCA 2018), an evidentiary hearing is generally required. <u>Id.</u>

Appellate courts routinely reverse sanction orders, such as the one entered by the lower court in this case, when the procedure prescribed by

4

Kozel is not followed. Ham v, Dunmire, 891 So. 2d 492, 496 (Fla. 2004); Reaction Rehab, LLC v. Fletcher, 2023 WL 5597392, at *2 (Fla. 3d DCA Aug. 30, 2023) ("To ensure that such a severe sanction is warranted and that a client is not disproportionately punished for the conduct of its attorney, the Florida Supreme Court established six factors that a trial court must consider before dismissing a case with prejudice as a sanction."); Alsina v. Gonzalez, 83 So. 3d 962, 965 (Fla. 4th DCA 2012) (remanding to the trial court to consider the Kozel factors after the trial court struck pleadings and dismissed the case when counsel failed to appear at a calendar call).

Our record reflects that the trial court did not conduct an evidentiary hearing before entering the default order, and the default order does not make express findings as to the Kozel factors. We, therefore, reverse the default order, and the resulting final judgment, and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.