# Third District Court of Appeal

## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2094
Lower Tribunal No. 22-31464-SP

_____

**Crown Asset Management, LLC,**
Appellant,

vs.

**Judith Bribiesca,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael Barket, Judge.

Law Offices of Andreu, Palma, Lavin & Solis, PLLC, and Carlos Cruanes, for appellant.

No appearance, for appellee.

Before LOGUE, C.J., and FERNANDEZ and LOBREE, JJ.

LOGUE, C.J.

Crown Asset Management, LLC appeals the trial court's order dismissing its action against Judith Bribiesca with prejudice for failure to

serve Bribiesca with process. Because we conclude that the trial court applied the incorrect law and otherwise failed to make the proper findings for a sanction of dismissal with prejudice, we reverse.

## BACKGROUND

On September 8, 2022, Crown Asset Management filed a small claims action against Bribiesca for breach of contract relating to an unpaid retail installment sales account. On May 2, 2023, the case was dismissed due to the parties' failure to appear for a pretrial conference.

On June 5, 2023, Crown Asset Management filed a Motion to Set Aside Dismissal, arguing that "[d]ue to [a] clerical error Plaintiff failed [to] show good cause for failure to obtain service of process on the Defendant and failed to calendar the May 2, 2023 Pre-Trial Conference." On June 15, 2023, the trial court granted the motion and set aside the dismissal. The order further provided that "Plaintiff shall have an additional 45 days to service Defendant." Crown Asset Management, however, failed to serve Bribiesca within those additional 45 days.

On October 4, 2023, the trial court entered an Order of Dismissal, dismissing the action with prejudice based on Crown Asset Management's "[f]ailure to effectuate service within the statutory deadline of 120 days [and] [f]ailure to comply with Court Order entered June 15, 2023." Crown Asset

2

Management subsequently filed a Motion for Rehearing on the Court's Order of Dismissal with Prejudice on October 18, 2023. The trial court denied the Motion for Rehearing by written order dated October 31, 2023. This appeal timely followed.

## ANALYSIS

Crown Asset Management's argument on appeal is twofold. First, it argues the trial court applied the incorrect law when it dismissed its lawsuit for failure to serve Bribiesca. In doing so, the trial court applied Florida Rule of Civil Procedure 1.070(j). Crown Asset Management maintains, however, that the Florida Small Claims Rules, and more specifically Small Claims Rule 7.110(e), govern this action. And according to Crown Asset Management, this rule required the trial court to instead dismiss for failure to prosecute and to provide notice of its intent to dismiss the case prior to dismissal, which it did not do. Because the trial court did not apply the correct rule, Crown Asset Management argues, it erred.

Second, Crown Asset Management contends it was error for the trial court to dismiss its lawsuit with prejudice for failure to comply with the trial court's order granting an additional 45 days to secure service. This is because dismissal for failing to comply with a trial court order is a sanction, Crown Asset Management maintains, and the trial court failed to comply with

3

the requirements for imposing such a sanction as set forth in <u>Kozel v. Ostendorf</u>, 629 So. 2d 817 (Fla. 1993).

A. **<u>Generally, Florida Rule of Civil Procedure 1.070(j) does not apply to small claims cases and there is no factual basis to invoke the applicable Florida Small Claims Rule 7.110(e) here.</u>**

"We review de novo a trial court's . . . interpretation or application of controlling statutes, common law rules, or other legal principles." <u>Giller v. Grossman</u>, 327 So. 3d 391, 393 (Fla. 3d DCA 2021).

Florida Rule of Civil Procedure 1.070(j) requires service of process to be made on the defendant within 120 days of the filing of the initial pleading and provides that failure to so serve requires the trial judge to "dismiss the action without prejudice." Meanwhile, Florida Small Claims Rule 7.070 provides that service of process in small claims actions "shall be effected as provided by law or as provided by Florida Rules of Civil Procedure 1.070(a)–(h)." Notably, however, Small Claims Rule 7.070 does not include the 120-day requirement of Civil Procedure Rule 1.070(j). Indeed, the Florida Supreme Court has explained that Rule 7.070 was modified to preclude application of Florida Rule of Civil Procedure 1.070(j) "because Small Claims Rule 7.110(e) already provides for dismissal of a claim for failure to prosecute after six months of inactivity." <u>In re Amends. to the Fla. Small Claims Rules</u>, 682 So. 2d 1075, 1075 (Fla. 1996). Thus, the remedy for

4

failure to serve process on a defendant in small claims court is dismissal for failure to prosecute, as provided by Rule 7.110(e).[1]

Rule 7.110(e), in turn, requires six months of inactivity prior to dismissal, and further requires that a trial court provide the parties with 30 days' notice of its intent to dismiss for failure to prosecute prior to dismissal.

Here, there was not six months of inactivity before the dismissal nor did the trial court enter a notice of its intent to dismiss. The last record activity before the dismissal was the trial court's June 15, 2023 order providing an additional 45 days to effectuate service. Prior to that, was Crown Asset Management's Motion to Set Aside Dismissal filed June 5, 2023. Only four months of inactivity had elapsed when the trial court issued its order dismissing the underlying action with prejudice. Furthermore, the trial court failed to issue a failure to prosecute notice under Rule 7.110(e). See, e.g.,

---

[1] Had the parties, however, requested that the trial court apply the Florida Rules of Civil Procedure then this, of course, would not be the case and Civil Procedure Rule 1.070(j)'s 120-day requirement would likely apply. See generally Fla. Sm. Cl. R. 7.020 (providing that certain rules of civil procedure apply to small claims actions as a matter of course, while the trial court may order that other rules of civil procedure also apply "on application of any party or the stipulation of all parties or on the court's own motion"). See also Mote Wellness & Rehab, Inc. v. State Farm Mut. Auto. Ins. Co., 331 So. 3d 191, 193 (Fla. 4th DCA 2021) (holding county court erred by applying Small Claims Rule 7.110(e)'s six-month timeframe for lack of prosecution dismissal instead of Civil Procedure Rule 1.420(e)'s ten-month timeframe when the parties had previously invoked the Florida Rules of Civil Procedure).

<u>Bixby v. ECP Cap. Partners, Inc.</u>, 373 So. 3d 899, 904 (Fla. 4th DCA 2023).

Thus, there was no basis for dismissal under Rule 7.110(e).

**B.** **The trial court failed to comply with the requirements of Kozel when imposing its sanction of dismissal with prejudice.**

The trial court also indicated it was dismissing Crown Asset Management's action with prejudice based on its failure to comply with the trial court's order entered June 15, 2023, which granted Crown Asset Management an additional 45 days to serve Bribiesca. Such dismissals for failure to comply with a court order are generally reviewed for abuse of discretion. <u>See</u> <u>Deutsche Bank Nat'l Tr. Co. v. Sombrero Beach Rd., LLC</u>, 260 So. 3d 424, 428 n.3 (Fla. 3d DCA 2018).

"While a trial court may, without doubt, dismiss an action as a sanction for violation of a court order, it should do so 'only in extreme circumstances.'" <u>Hastings v. Est. of Hastings</u>, 960 So. 2d 798, 801 (Fla. 3d DCA 2007) (quoting <u>Clay v. City of Margate</u>, 546 So. 2d 434, 435 (Fla. 4th DCA 1989)).

In its seminal case, <u>Kozel</u>, the Florida Supreme Court made clear that while a trial court has the discretionary power to dismiss a complaint for failure to comply with a court order, a dismissal with prejudice should not be imposed as a sanction where missed deadlines are concerned absent certain factors being met. 629 So. 2d at 818; <u>see also</u> <u>Hastings</u>, 960 So. 2d at 801. In evaluating the factors set forth in <u>Kozel</u>, moreover, "the trial court

6

'must make express findings of fact concerning each of the Kozel factors.'" Sombrero Beach Rd., LLC, 260 So. 3d at 428 (quoting Deutsche Bank Nat'l Tr. Co. v. Cagigas, 85 So. 3d 1181, 1182 (Fla. 3d DCA 2012)).

No such findings, or indeed any evaluation of the Kozel factors, are found in the trial court's order of dismissal on appeal. Such noncompliance requires us to vacate the trial court's order of dismissal with prejudice and remand to allow the trial court to consider the Kozel factors. See First Baptist Church of Greater Miami v. Miami Baptist Ass'n, Inc., 373 So. 3d 1194, 1198 (Fla. 3d DCA 2023) ("We express no opinion on the nature and extent of the alleged misconduct, nor whether such misconduct justifies the ultimate sanction of dismissal with prejudice. Our holding here is that the trial court failed to comply with the requirements of Kozel and its progeny, and that absent such compliance, reversal of the order of dismissal with prejudice is required."); Sombrero Beach Rd., LLC, 260 So. 3d at 428 n.3 ("While dismissal of a complaint for non-compliance with a court order is subject to an abuse of discretion standard of review, failure to apply the standards for the sanction of dismissal set forth in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993), is in itself a basis for reversal and remand for application of those standards." (quoting Alsina v. Gonzalez, 83 So. 3d 962, 964 (Fla. 4th DCA 2012))).

7

## CONCLUSION

Accordingly, because (1) Rule 7.110(e) rather than Rule 1.070(j) controls when a plaintiff fails to effectuate service of process on a defendant in a small claims action; (2) six months of inactivity had not yet elapsed and the trial court failed to issue a failure to prosecute notice as required by Rule 7.110(e); and (3) the trial court failed to make the appropriate findings under Kozel to impose a sanction of dismissal with prejudice for failure to comply with the trial court's June 15, 2023 order, we reverse and remand for further proceedings consistent herewith.

Reversed and remanded.